124 So.2d 677

**Ex parte Georgia SMITH, d/b/a Georgia Smith Employment Agency.**

**Georgia SMITH d/b/a**

**v.**

**Bobby C. DANIEL.**

**6 Div. 776.**

Court of Appeals of Alabama.

Aug. 19, 1960.

Rehearing Denied Aug. 31, 1960.

1. Ante, p. 19.

**PER CURIAM.**

This a petition for the issuance of an alternative writ of mandamus directing the Honorable J. Edgar Bowron, as Circuit Judge of the Tenth Judicial Circuit, to show cause why a peremptory writ of mandamus should not be issued directing him to determine the correctness of a certain transcript of the evidence.

The petition avers that the petitioner was the plaintiff in a suit heard before Judge Bowron on 29 February 1960. Petitioner was financially unable to pay an official court reporter to report the proceedings in said suit. Judge Bowron did appoint his secretary to report the oral charge of the court to the jury; upon the jury requesting additional instructions, Judge Bowron gave to them the general affirmative charge in favor of the defendant. The jury returned a verdict in favor of the defendant, and judgment was entered accordingly.

The petition further avers: "Plaintiff filed a motion—to grant plaintiff a new trial, which motion was overruled by the court."

On 18 July 1960, on motion of the plaintiff, 30 days additional from 14 July 1960 were granted within which to file the "transcript of appeal."

The petition further avers that on 10 August 1960, the attorneys for the plaintiff "were before the court with a correct type-written transcription of the evidence and other proceedings in the cause." Upon the attorney for the defendant refusing to agree to the correctness of the transcript the court "refused to make any order on the transcript," and stated it was the duty of the plaintiff to have employed a court reporter, and further stated he was instructing the circuit clerk not to accept or file the transcript.

M. B. Grace, Birmingham, for petitioner.

Higgins, Windham, Perdue & Johnson, Birmingham, for respondent.

Sec. 366, Tit. 62, Code of Alabama 1940, provides for the appointment of the official court reporters for the civil division of the courts for the Tenth Judicial Circuit.

In reference to the transcript of the evidence where an appeal is perfected, Sec. 827(1), Tit. 7, Code of Alabama 1940 provides:

"If a party to a cause tried in such court desires to appeal from a judgment rendered, he shall, within five (5) days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, including objections, oral motions, rulings of the court, and the oral charge of the court, certify the same and file it with the clerk within sixty days from the date on which the appeal was taken."

Sec. 827(2), Tit. 7, Code of Alabama 1940, provides that a party may appeal upon the record without a transcript of the evidence.

The court reporter's certified transcript of the evidence must be filed with the circuit clerk within 60 days of the date of appeal, or the overruling of the motion for a new trial, whichever is later. Sec. 827 (4), Tit. 7, Code of Alabama 1940, as amended.

If the court reporter be dead, or for any other reason cannot transcribe the evidence, a succinct statement of the evidence may be filed in lieu of the reporter's transcript, after approval by the trial judge. Sec. 827(3), Tit. 7, Code of Alabama 1940.

■ Mandamus lies only where there exists a specific legal right, with no other adequate remedy.

■ The petition filed in this proceeding is deficient in at least two aspects. First, the petitioner did not file with the circuit clerk the transcript of the evidence certified to be correct by the court reporter. This he was required to do if he were to effect his appeal, unless the court reporter be dead or could not transcribe the evidence for some other reason in which event a succinct statement of the evidence may be filed in lieu of the transcript, after approval by the trial judge. Sec. 827(3) supra.

The petition shows on its face that no reporter was provided in the suit wherein the petitioner was the plaintiff. There is no way, of course, that he could claim to be within the exception provided in Sec. 827(3) supra.

■ It is also to be noted that the petitioner did not produce any alleged transcript of the evidence nor attempt to obtain any additional time for filing the same until 18 July 1960, some four and one-half months after the date of the judgment. While the petition avers that a motion for new trial was filed and overruled, no dates are shown in this connection. The absence of any averment of such dates necessitates our considering the date of judgment, that is 29 February 1960, as the date from which reckoning must begin in determining the time within which any transcript of the evidence should have been filed with the clerk below. The petition fails therefore to show that the transcript was filed within 60 days of the date of judgment, or that any order extending the time for filing the transcript of the evidence was timely sought or granted. In this light the order of the court made on 18 July 1960, granting an additional 30 days from 14 July 1960, within which to file the "transcript of appeal" was coram non judice and void.

Petition denied.