267 So.2d 446

**Billy J. WILSON, as Administrator of the Estate of C. D. Wilson, Deceased**

**v.**

**James R. SMITH et al.**

**8 Div. 397.**

Supreme Court of Alabama.

Sept. 28, 1972.

Guin, Guin, Bouldin & Porch, Russellville, for appellees.

Bedford & Bedford, Russellville, Speake & Speake, Moulton, for appellant.

**376**

PER CURIAM.

Suit below was by Billy J. Wilson, as administrator of the estate of his deceased father, C. D. Wilson, against James R. Smith and Rufus Ray Byrd, to recover damages for the death of C. D. Wilson, who died as a result of injuries received while driving an automobile involved in a collision with a chicken truck being driven by the defendant, Rufus Ray Byrd, hauling chickens belonging to the defendant, James R. Smith, who had the truck leased from one Lacey Clay. The collision occurred on U. S. Highway 43, about four miles north of the City of Russellville in Franklin County, Alabama.

The suit was filed under the authority of the wrongful death statute (§ 123, Title 7, Code 1940) which is designed, and intended, to punish negligent, wanton, or intentional acts causing the death of a person.

State Docks Commission v. Barnes, 225 Ala. 403, 143 So. 581; Hatas v. Partin, 278 Ala. 65, 175 So.2d 759; Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

The case was submitted to the jury by the trial judge on two counts, and on the defendant's plea of the general issue, and contributory negligence, in short by consent. Court I charged simple negligence, and Count II wanton conduct.

The jury returned a verdict in favor of defendants, and judgment was entered in accordance with the jury verdict.

Plaintiff then filed a motion for a new trial, which was overruled by the court, and the plaintiff appealed to this court.

■ The appellant, plaintiff in the lower court, has 12 assignments of error in the record, but in appellant's brief, assignments of error Nos. 1, 2, 3, 4, 5, 7, 8, 9 and 10 are in no way argued or referred to. No propositions of law with reference to them are stated, and none is in any way listed therein. The failure of appellant to insist upon these assignments of error is a waiver of them, and precludes any consideration of such assignments of error by this court. Supreme Court Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI. Lee v. Belcher Ambulance Sales, 276 Ala. 384, 162 So.2d 478; Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A. L.R.2d 465, and cases cited therein.

Appellant argues in his brief that the trial court committed reversible error in admitting certain testimony of one Halfacre, over the objection of counsel for appellant, as to certain statements made by one Pennington (assignments of error Nos. 11 and 12); and in refusing to give, at the request of appellant, plaintiff's written Charge A (assignment of error No. 6).

■ The testimony of the witness Halfacre was admitted in evidence for the purpose of impeaching testimony given by one Pennington, and was objected to by appellant on the ground that a proper pred-

icate had not been laid for the impeachment of Pennington of a prior inconsistent statement, assignments of error Nos. 11 and 12. The appellant insists, in his brief, that the record before this court does not show that a proper predicate was laid to impeach any of the testimony of Pennington. In this the appellant is correct, but the burden is on the appellant to perfect and prosecute his appeal pursuant to the manner required by law. It is his duty to see to it that all the evidence before the trial court is in the record on appeal. From a careful reading of the entire record, as certified to this court, it is apparent that the testimony of the witness Pennington was before the lower court, and is not contained in the record before this court. What this testimony was, this court does not know, therefore, in the absence of Pennington's testimony, the court cannot determine if a proper predicate was laid to impeach the witness Pennington, and will assume the trial court had before it facts justifying its ruling. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Wood v. Wood, 119 Ala. 183, 24 So. 841; Patton v. Endowment Department of A. F. & A. M. of Alabama, 232 Ala. 236, 167 So. 323; Orum v. State, 286 Ala. 679, 245 So.2d 831.

Assignment of error No. 6 is the refusal of the lower court to give plaintiff's written Charge A, which reads, as follows:

"A. I charge you ladies and gentlemen of the jury that the testimony of the witness Ed Halfacre as to alleged prior inconsistent statements allegedly made by the witness Pennington may only be considered by you as impeachment of the testimony of the witness Pennington as contained in his deposition and if you believe the testimony of the witness Halfacre you may, in your *distinction,* disbelieve portions of the testimony of Pennington, but you may not base your verdict on the testimony or any part thereof of Halfacre as to how the accident actually happened." [Emphasis supplied]

This charge refers to testimony of the witness Pennington given in his deposition. In the state of the evidence before us, which, with other evidence not available to us, was before the trial court, we cannot review the action of the court in refusing to give, at the request of the plaintiff, plaintiff's written Charge No. 6. Birmingham Ry., Light & Power Company v. Canfield, 177 Ala. 422, 59 So. 217; Alabama Power Co. v. Jackson, 232 Ala. 42, 166 So. 692; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748. It is unnecessary to consider any other grounds upon which the trial court could have correctly refused the charge.

It follows that the judgment appealed from is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by JOSEPH J. MULLINS, Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.