329 So.2d 106

**OLD SOUTHERN LIFE INSURANCE COMPANY, a corporation**

v.

**David SPINATO, a minor, who sues by his father and next friend, Salvatore Spinato, et al.**

**Civ. 686.**

Court of Civil Appeals of Alabama.

March 17, 1976.

Bill Fite, Hamilton, for appellees.

Rosser & Munsey and Henry H. Self, Jr., Tuscumbia, for appellant.

BRADLEY, Judge.

Plaintiff filed suit against defendant in the Superior Court of Marion County to recover on a policy of insurance. Defendant answered by alleging that it was not liable for plaintiff's loss for the reason that the insurance policy contained a clause excluding coverage when the injuries suffered by insured resulted from his being an occupant of a motor vehicle being operated in violation of some law. The contention was that the vehicle was being driven at a speed in excess of the legal limit. On April 30, 1975 there was a trial before the court sitting without a jury, culminating in

a judgment for plaintiff in the amount of $1,000. The judgment entry, dated May 4, 1975, recited that the award was based, ". . . on the pleadings and testimony taken orally before the Court, . . . ."

A motion to set aside the judgment was filed on May 9, 1975, and deemed overruled after the expiration of ninety days, as provided in Rule 59.1, ARCP. Notice of appeal from the judgment on the merits was filed August 21, 1975. The record on appeal does not contain a transcript of testimony.

In brief defendant argues (1) that the trial court erred in not granting a new trial because of the absence of a court reporter on April 30; and (2) that the evidence does not support the damages awarded to plaintiff.

It is apparent that any testimony taken April 30, 1975 went unrecorded. Rules 10(d), (e) and (f) of the Alabama Rules of Appellate Procedure (ARAP) currently provide relief from the quandary in which defendant now finds himself. However, due to the date on which the notice of appeal was filed, Rule 10, ARAP is not available for application in the present case, Rule 49, ARAP.

In a similar vein, Title 7, § 827(3), Alabama Code of 1940, can give no assistance to appellant, since there was no court reporter provided at trial, *Ex parte Smith*, 41 Ala.App. 62, 124 So.2d 677, cert. den., 271 Ala. 700, 124 So.2d 679.

Where, as here, a party's situation is outside the scope of these rules which mitigate the potentially harsh result of unrecorded hearings, abridgement of the statutory right to a court reporter, if proved, must be considered highly irregular. A party is, upon request, entitled to have recorded all testimony taken in open court, Title 13, § 262, Code of Alabama 1940. An objection at the outset of a hearing to proceeding without a reporter constitutes the necessary request.

■ From the record in the present case, to which this appellate court must look, there is no indication that defendant did in fact object to the lack of a court reporter, or whether there was a ruling on such an objection. We can only speculate on the existence and purport of this and any other alleged prejudicial ruling not appearing in the record. Such speculation will not support review, *King v. Smith*, 288 Ala. 215, 259 So.2d 244.

■ Defendant did obtain an affidavit of the court reporter, allegedly supporting his account of the events at the trial. Defendant attempted to place this affidavit directly in the record, but it was stricken on motion of plaintiff. This ex parte affidavit was not submitted or identified with any pleading, motion, or paper which led to a ruling or order of the court. It was proper to strike it from the record, *Scroggins v. Alabama Gas Corp.*, 275 Ala. 650, 158 So.2d 90.

■ On May 9, 1975 defendant filed a motion which, though otherwise captioned, was a motion for judgment n.o.v. or, alternatively, motion for new trial. There are no affidavits or other documents in support of this motion. Therefore, in light of the scant record in this case, we must presume that the unrecorded trial testimony would support the trial court, and we must affirm the denial of the motion, *World Homes, Inc. v. Wilson*, 54 Ala.App. 47, 304 So.2d 603.

Of course, defendant could have submitted the alleged affidavit of the court reporter in support of the May 9 motion. The affidavit would have thus become a part of the record of the proceedings on that motion. Any matter present in the affidavit could then be considered in reviewing the question of whether denial of a new trial amounted to abuse of discretion. However, defendant did not pursue this course. There is thus nothing in the record which permits us to reverse the trial court on the issue of non-recording of testimony, *Melton v. Melton*, 288 Ala. 452, 261 So.2d 887.

As to defendant's second contention, we observe that in the absence of the tran-

script of testimony upon which the trial court based its findings and conclusions, there is no way for this court to ascertain whether or not the judgment is supported by the evidence. The only way we could make the determinations to have the evidence before us and we do not. Consequently, there is no way for this court to make such a decision.

The burden is always on the appellant to perfect his appeal in the manner required by law, and it is his duty to see that all the evidence before the trial court is in the record on appeal. *Wilson v. Smith*, 289 Ala. 374, 267 So.2d 446. The reason for this is that the appellate court is confined to the record before it in deciding the appeal. *J. H. Morris, Inc. v. Indian Hills, Inc.*, 282 Ala. 443, 212 So.2d 831. The record on appeal does not contain the transcript of evidence and, in view of the issues presented for decision, raises nothing that can be decided by this court.

The judgment of the trial court is affirmed.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.