HOLMES, Judge.
This is an appeal from the Circuit Court of Jefferson County’s action refusing to allow the husband to discontinue making certain alimony payments.
The parties to this appeal were divorced in March of 1976. In the decree, the following is found:
“FIFTH: Defendant is ordered to pay $500.00 as lump sum alimony to the plaintiff and to further pay $125.00 a month as periodic alimony payments for a period not to exceed thirty (30) months; provided, however, that the plaintiff continue under a doctor’s care for her emotional disturbances or be enrolled in and participating in a vocational rehabilitation program during this period. Upon her release from treatment and completion of vocational rehabilitation training, the alimony payments are to cease if such release and completion predate thirty (30) months.”
In February of 1977, the husband filed in the circuit court what he entitled “MOTION TO STRIKE FIFTH PARAGRAPH OF FINAL JUDGMENT OF DIVORCE.” The fifth paragraph is that portion of the decree of divorce referred to hereinabove. In this same motion, the husband attacked the constitutionality of Alabama’s alimony statute and made certain allegations regarding a lack of due process.
At the outset, we would note that what exactly transpired below is not a paragon of clarity. In any event, after the filing of the aforesaid motion by the husband, the wife filed with the trial court a petition for rule nisi. This petition is bottomed on the premise that the husband has not complied with the aforesaid paragraph 5 of the original decree of divorce. This petition by the wife was apparently filed on March 21, 1977.
On the 11th day of April, 1977, the trial court issued an order overruling the husband’s motion. The trial court’s order gives no reason for this action. However, the bench notes indicate the husband failed to appear. The husband then filed a motion for continuance.
Thereafter, on the 25th of April, 1977, the trial court entered an order regarding all of the above motions and petition. The trial judge’s order begins as follows:
“This cause coming to be heard, on the plaintiff’s petition for Rule Nisi, and the defendant’s motion to strike paragraph 5 of the Final Decree of Divorce, . . . ” [Emphasis supplied.]
The trial court found the husband in contempt, ordered an arrearage of alimony paid, ordered the husband to pay the wife’s attorney a fee of $500, and further ordered the husband to pay to the wife $250 which represents expenses the wife incurred to prosecute the rule nisi. It is from this action by the trial court that the husband appeals.
It is clear to this court from the record before this court and the briefs that a hearing or hearings were held by the trial court on the matters presented on this appeal. It is equally clear that there was no court reporter present or transcription made regarding these matters and none are before this court. Additionally, nothing appears in *1062 the record that relief was attempted to be sought by the use of ARAP Rule 10(d), (e), and (f).
As Judge Bradley said in Old Southern Life Insurance Company v. Spinato, 57 Ala.App. 416, 419, 329 So.2d 106, 108 (1976):
“The burden is always on the appellant to perfect his appeal in the manner required by law, and it is his duty to see that all the evidence before the trial court is in the record on appeal. Wilson v. Smith, 289 Ala. 374, 267 So.2d 446. The reason for this is that the appellate court is confined to the record before it in deciding the appeal. J. H. Morris, Inc. v. Indian Hills, Inc., 282 Ala. 443, 212 So.2d 831. The record on appeal does not contain the transcript of evidence and, in view of the issues presented for decision, raises nothing that can be decided by this court.”
The order of the trial court is therefore due to be affirmed.
However, for the benefit of interested parties, we would note the majority of the husband’s arguments regarding the constitutionality of Alabama’s alimony statute has been answered by this court in Orr v. Orr, Ala.Civ.App., 351 So.2d 904 (1977); Blackwell v. Blackwell, Ala.Civ.App., 348 So.2d 500 (1977). Additionally, we find no merit in the husband's argument that Tit. 34, § 39(3), Code of Alabama 1940, is unconstitutional. We would further note that this court is not to be understood as affirming or disaffirming the trial court’s action in regard to the $250 for expenses. However, in view of the state of the record, we do not feel we can properly reach the question on this appeal.
The attorney for appellee has petitioned this court for an award of an attorney’s fee on appeal. An award of $350 is hereby made.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.