HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court awarded the home of the parties to the wife. The husband appeals and contends that the trial court committed reversible error in awarding the home to the wife and, further, that the learned trial judge should have recused himself. We disagree and affirm.
Viewing the record before this court with the attendant presumptions accorded the trial court, the following pertinent facts are revealed.
The parties were married in 1967. The wife at the time of the marriage was fifty years of age; the husband was approximately thirty years of age. The parties were married approximately nine years and no children were born of the union. At the time of the marriage, the wife owned and lived in a home she and her previous husband had purchased. There was a mortgage on this home. After the marriage, the parties moved into the home of the wife. The husband made most of the payments and provided most of the funds for the upkeep of the home. Put another way the husband was in large measure the “breadwinner.” The wife only worked a short period during the marriage. After the mortgage indebtedness was paid, the deed to the home was placed in both the parties’ names.
It is virtually conceded that the home was the only asset of the parties. As noted above, the husband contends that the trial court abused its discretion in awarding to the wife virtually the entire assets of the parties.
At the outset, we note that in this case, as in all cases where the judgment or decree is entered by the trial court after the hearing of testimony ore tenus, such judgment or decree is presumed correct and will be reversed on appeal only if, after consideration of all the evidence and all reasonable inferences to be drawn therefrom, we conclude that it is plainly and palpably wrong.
Also, if a division of property in a case of this nature is made by the trial court, such division does not require an *460 equal division of the estate, but one graduated according to the nature of the case. See Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974).
Clearly, in this instance, the trial court is not plainly and palpably wrong. The fact that the parties only had one asset, to wit, the homeplace, and this asset was awarded to the wife, does not require or suggest reversal. See Eubanks, supra.
In addition to the above, able counsel for the husband argues in brief that the learned trial judge erred in his refusing to recuse himself. This contention by the husband is bottomed on the following.
Apparently, prior to the hearing, the attorneys for the parties and the trial judge held a conference in camera. At this conference, both counsel informed the trial judge what the evidence was expected to reveal. In response to counsel’s presentation, it is alleged by appellant that the trial judge informed counsel what his decision would be and requested settlement. The appellant argues that the trial court’s ultimate decision was precisely what the trial judge indicated at the conference. Thereafter, the appellant requested the trial judge to recuse himself.
Suffice it to say that what transpired in the judge’s chamber was not transcribed nor is it before this court by any other appropriate means. Error may not be predicated upon matters not contained in the record on appeal. See Old Southern Life Ins. Co. v. Spinato, 57 Ala.App. 416, 329 So.2d 106 (1976); Hagler v. Hagler, 50 Ala.App. 266, 278 So.2d 715 (1973).
We would be remiss in not commenting that we should not be understood by the above as in any way discouraging the procedure relating to the pretrial conference used by the learned and able trial judge.
The appellee has requested of this court that an award of an attorney’s fee be made to her attorney on appeal. An award of $500 is hereby made.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.