BRADLEY, Judge.
Appellee, Merthalean Lunceford, was granted a divorce on the ground of incompatibility of temperament by the Circuit Court of Lee County on November 30,1977. The appellant, Lawrence B. Lunceford, filed notice of appeal from that judgment on January 10, 1978. Subsequent to the taking of the appeal from the November 30, 1977 judgment, both parties filed petitions for modification. The wife also asked that the husband be held in contempt for failure to comply with several of the provisions of the November 30, 1977 decree. After a hearing on the various petitions, the husband was held in contempt and then given an opportunity to purge himself. Before purging himself, the husband attempted to include the contempt order in the record on appeal from the November 30, 1977 judgment.
The wife has filed in this court a motion to dismiss the appeal on the grounds: (1) that the contempt citation cannot be reviewed on appeal and (2) that the argued ground for reversal of the November 30, 1977 judgment, i. e., that the trial court made an unequal property division, cannot be reviewed because there is no transcript of the testimony taken at the hearing before the trial court included in the record on appeal.
Appellant’s first contention is that the trial court erred in holding him in contempt for failing to comply with the provisions of the November 30, 1977 judgment. Appellant’s argument is based on the fact that he was not present at the hearing wherein he was held in contempt. Appellee says that we cannot consider the merits of the contempt citation here because an appeal is not the proper procedure for testing the sufficiency of a contempt finding.
In Hayes v. Hayes, Ala.Civ.App., 337 So.2d 770 (1976), this court said:
“The proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail, or by certiorari if the party is not, and appeal is not the proper remedy. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969).
“Appeal not being the proper remedy for a resolution of the contempt order, it cannot be considered in this proceeding. Only the validity of the Morgan County Court’s modification order will be considered. Review of the contempt order will have to be treated in another proceeding.”
Likewise, in the case at bar, an appeal is not the proper vehicle for reviewing the trial court’s contempt citation. Review of the contempt order will have to be secured in another proceeding.
With regard to his second contention, appellant maintains that the trial court erred in the divorce decree by awarding an unequal division of the parties’ jointly owned property.
As pointed out by the appellee, the record before us on appeal contains no transcript of the testimony of the witnesses who testified at the trial court’s hearing on the merits of this matter. Inasmuch as there was evidence presented to the trial court upon which it based its judgment, and this evidence is not in the appeal record and available to this court for review, this court is without authority to review the trial court’s judgment. Old Southern Life Insurance Co. v. Spinato, 57 Ala.App. 416, 329 So.2d 106 (1976).
Motion to dismiss the appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.