This appeal is from a summary judgment granted in favor of a third-party defendant in an action for extortion and conspiracy. For the following reasons, we affirm.
In October 1980 Central Bank of Alabama (plaintiff) filed suit against Eli Speigle (defendant) for non-payment of several promissory notes totaling $17,500. The defendant answered the complaint and counterclaimed against the plaintiff, alleging that the defendant was coerced into executing the note and relinquishing the proceeds to an officer of the bank, Charles Mills.
The defendant also filed a third-party complaint against John Lott. The third-party claim asserted that Lott (third-party defendant) entered a conspiracy with Charles Mills to extort money from defendant. Both the counterclaim and the third-party complaint claimed punitive damages.
In August 1981 the trial judge granted plaintiff's motion for summary judgment because all of the defenses as well as the counterclaims of the defendant were dependent for their proof upon the testimony of the defendant concerning statements made by Charles Mills, who was deceased. The application of Code 1975, § 12-21-163 — the "dead man's statute" — precluded consideration of the testimony of the defendant. This order was appealed by defendant, but the appeal was dismissed because it was not timely filed.
On August 7, 1981, the third-party defendant moved for summary judgment. The third-party plaintiff (Speigle) did not file an affidavit in opposition to the motion for summary judgment, as he had in the instance of the plaintiff's motion.
The trial judge, on October 1, 1981, granted the third-party defendant's motion for summary judgment. The trial judge's order contained the following:
 "There being no counter affidavit offered in opposition thereto, and the Court giving due consideration to all matters brought before it. . . ."
It is this order that the third-party plaintiff now appeals from.
The dispositive issue on appeal is whether there was a genuine issue as to any material fact so that the third-party defendant would not have been entitled to a judgment as a matter of law.
The third-party defendant contends that, since the third-party plaintiff did not file affidavits in opposition to the motion, the trial court did not have to look to the record to find evidence of a material fact. This contention is not supported by law. In Fountain v. Phillips, 404 So.2d 614 (Ala. 1981), this court held: *Page 165 
 "[A]ll evidence of record, as well as that evidence formally submitted in support of or in opposition to a motion for summary judgment, should be considered in ruling on the motion."
This holding is in accord with Rule 56 (c), Alabama Rules of Civil Procedure, which states:
 "(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)
Thus the trial judge must render a judgment in consideration of all evidence properly before him.
A motion for summary judgment must not be granted if there is a scintilla of evidence supporting the position of the non-movant. Browning v. Birmingham News, 348 So.2d 455 (Ala. 1977); Folmar v. Montgomery Fair Co., 293 Ala. 686,309 So.2d 818 (1975). In this case there is no evidence in the record, other than the pleadings of Speigle, to show any conspiracy or misconduct on the part of Lott, the third-party defendant. The affidavit of Speigle does not mention Lott or any co-conspirator other than Charles Mills.
In the brief of defendant there is reference to a deposition of Lott which creates an inference of evidence. However, this deposition, or any reference to it, is not included in the record on appeal. This court is bound by the record before it; and the burden is on the appellant to perfect it and prosecute the appeal as required by law and the rules of this Court.Zills v. Brown, 382 So.2d 528 (Ala. 1980); Wilson v. Smith,289 Ala. 374, 267 So.2d 446 (1972).
Because the record on appeal is devoid of the slightest particle of evidence which supports the claim of the third-party plaintiff, the order of the trial judge granting summary judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.