YATES, Judge.
Susan Mason Boykin appealed to the trial court from the decision of the director of the Alabama Department of Public Safety (department) to suspend her driver’s license for refusal to submit to a test for intoxication. She now appeals to this court from an adverse decision of the trial court. We affirm.
The record indicates that a state trooper observed Boykin driving at an excessive rate of speed and constantly “weaving.” The trooper testified that after he stopped Boy-kin, he observed a strong odor of alcohol around her and that she had extremely bloodshot eyes. He stated that, although Boykin refused to take an “Alcosensor” test, she did take the “walk and turn” and the “one-leg stand” tests and that she failed both tests.
The trooper further testified that he told Boykin that she was under arrest for driving under the influence and that he transported her to the police station, where he offered the “Intoxylizer 5000” test to her and explained that, under the “Implied Consent Law,” if she refused to take the test, her license would be suspended for ninety days. He stated that she refused to take the test. On receipt of the “implied consent affidavit and report of alcohol content,” the department suspended Boykin’s license for ninety days.
Boykin first contends that, because, she claims, she was not arrested for driving under the influence of intoxicating liquor, there was no implied consent to a chemical test. She claims that there must be a lawful arrest for “driving under the influence of intoxicating liquor” before a motorist can be required to submit to a chemical test for intoxication and the “implied consent” provisions go into effect pursuant to § 32-5-192, Ala.Code 1975, and that she was only arrested for “driving under the influence.”
A review of the record reveals that the issue presented by Boykin was not raised at the trial level. This court will not put the trial court in error for arguments that were not presented to it; therefore, we will not consider the issue. Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990).
Boykin next contends that the officer did not state in a sworn report that he had reasonable grounds to believe that Boykin had been driving while under the influence of intoxicating liquor and that, therefore, the department’s authority to suspend her license is nullified. The department responds by saying that the affidavit submitted to it was sufficient and that, when viewed as a whole, the affidavit indicates that the officer had reasonable grounds to believe that Boy-kin had been driving on the public highways while intoxicated.
Although Boykin in her brief claims to quote from a portion of the officer’s sworn report, we have determined after a diligent search of the record that a copy of the report was not included. An appellant bears the burden of ensuring that the record contains sufficient evidence. Matter of Coleman, 469 So.2d 638 (Ala.Civ.App.1985). This court is bound by the record before it, Speigle v. Lott, 423 So.2d 163 (Ala.1982); therefore, we will not consider this contention. The judgment is due to be affirmed.
AFFIRMED.
*986 THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.