SHORES, Justice.
We granted certiorari review in this case to consider a question concerning application of the “implied consent” statute, § 32-5-192(c), Ala.Code 1975. The petitioner, Susan Mason Boykin, argues that it is necessary that a driver be arrested for driving under the influence of intoxicating liquor before the Alabama Department of Public Safety can suspend a driver’s license under the statute.
The Alabama Department of Public Safety (the “Department”) suspended Boykin’s driver’s license, citing as its authority § 32-5-192(c), which provides for the suspension of a driver’s license for 90 days:
“(c) If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as *987 provided in subsection (a) of this section, none shall be given, but the director of public safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the enforcement officer, shall, on the first refusal, suspend his license or permit to drive ... for a period of 90 days, subject to review as hereinafter provided.”
Boykin appealed the Department’s ruling to the circuit court, which held a hearing and affirmed the suspension. Boykin appealed the judgment of the trial court to the Court of Civil Appeals.
The Court of Civil Appeals affirmed, holding that the issue of whether a lawful arrest for driving under the influence of intoxicating liquor was necessary in order for the implied consent provisions to go into effect had not been raised at the trial level. 643 So.2d 984. One judge dissented on the grounds that the record reflected that Boykin’s attorney had moved for a judgment of acquittal on two occasions on the grounds that the Department had failed to prove the essential elements of the ease. The gist of those motions was that the Department had not proved that there had been a lawful arrest for driving under the influence of intoxicating liquor in order to effectuate the implied consent statute. We agree that the issue was preserved for appeal and is before this Court.
The petitioner contends that it is necessary that a driver be arrested for driving under the influence of intoxicating liquor before the Department can suspend a driver’s license under the implied consent statute. She cites Ex parte Love, 513 So.2d 24 (Ala.1987), wherein we discussed the procedural rights of an Alabama motorist under the implied consent statute. In that case, we considered whether probable cause to arrest was sufficient grounds for obtaining an admissible blood sample from a motorist under the statute, or whether the statute requires a “lawful arrest.” We held:
‘We conclude that the requirement of a lawful arrest in the Alabama ‘implied consent’ statute grants to the motorist in question a procedural right, and that the failure to accord that right renders the blood sample illegal for the purpose of its admission as evidence against the motorist who objects to its admission.”
Id. at 30. In the Love case, we noted that the Alabama implied consent statute gives a procedural protection beyond that apparently mandated by federal decisions. However, the United States Supreme Court has recognized that a state may confer procedural protections of liberty interests that extend beyond those minimally required by the Constitution of the United States. See Love, citing Mills v. Rogers, 457 U.S. 291, 102 S.Ct. 2442, 73 L.Ed.2d 16 (1982); accord, California v. Ramos, 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983).
We have carefully examined the record in this case, and we must conclude that the Department failed to carry its burden of proof. Under the provisions of § 32-5-192, the Department must receive from the law enforcement officer making the arrest a sworn report stating that the officer had reasonable grounds to believe that the arrested person had been driving a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test. The record before us contains no sworn report from the arresting officer, although a copy of an “implied consent affidavit” appears to have been offered by the Department. The record also contains no copy of a U.T.T.C. (uniform traffic ticket and complaint), if one was issued. The evidence presented by the Department was the testimony of a state trooper, who stated that he had arrested Boykin for “driving under the influence,” and the testimony of a docket clerk for the Department, who stated that she had received an implied consent affidavit.
For the reasons stated above, the judgment of the Court of Civil Appeals is due to be reversed and a judgment rendered for Boykin.
*988 REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.