CRAWLEY, Judge.
In October 1995, G.W. Seurlock (the “contestant”) sued Billy Ray Seurlock (the “grantee”), seeking to set aside a deed wherein Mary Evelene Seurlock (the “grant- or”) had purportedly conveyed certain real property to the grantee. Following a hearing, the trial court set aside the deed, finding that the grantor had lacked the requisite mental capacity to execute it. The attorney who had prepared the deed at issue also represented the grantee in the deed contest, but did not testify. The grantee, represented by a new attorney, filed a post-judgment motion, which the trial court denied. The grantee appealed; the case was transferred to this court by the Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6).
*477 The grantee argues that the trial court erred by not disqualifying his attorney from representing him in the deed contest or by not informing him that his attorney had a conflict of interest. The grantee argues that Rule 3.7(a), Alabama Rules of Professional Conduct, prohibits the attorney who prepared the deed from representing him in the deed contest. Rule 3.7(a) states:
“A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness, except where:
“(1) the testimony relates to an uneon-tested issue:
“(2) the testimony relates to the nature and value of legal services rendered in the case; or
“(3) disqualification of the lawyer would work substantial hardship on the client.”
The trial court was aware that the attorney who represented the grantee also had drafted the contested deed. The trial court also questioned the attorney whether he would testify during the deed contest trial, and the attorney stated that he would not testify. The grantee contends that the attorney made that statement without the grantee’s knowledge. Whether the grantee’s attorney violated Rule 3.7(a) is not an issue on appeal. The issues are whether the trial court had a duty either to disqualify the attorney or to inform the grantee of his attorney’s possible conflict and, if so, whether the trial court’s failure to do so amounts to reversible error.
The grantee argues that Harkins & Co. v. Lewis, 535 So.2d 104 (Ala.1988), supports his contention that the trial court erred by not disqualifying his attorney. In Harkins, our supreme court stated:
“A lawyer may continue his representation of his client even when he anticipates being called as a witness other than for his client, so long as it is not apparent that his testimony is or may be prejudicial to his client.”
535 So.2d at 112 (emphasis in original). Harkins is distinguishable from the present ease. Harkins does not address the situation in this case — where the attorney may anticipate being a favorable witness for his client. Harkins addresses the situation where the attorney may be called to testify against his client.
In the present case, the grantee is basically making an ineffective-assistance-of-counsel argument, i.e., that the attorney should not have represented the grantee in the deed contest trial, that he should have testified for the grantee, that his failure to do so prejudiced the grantee, and that the trial court should have disqualified the attorney or informed the grantee that the attorney would not testify for the grantee. “In an ordinary civil case, the general rule regarding ineffective assistance of counsel is that relief from a court’s judgment when a party hired his own lawyer will not be granted on the grounds of incompetent or ineffective counsel.” Sidwell v. Wooten, 473 So.2d 1036, 1039 (Ala.1985). Our Supreme Court stated that exceptions to the general rule in Sidwell are “where ‘the personal problems or psychological disorders of an attorney cause him to neglect a case to the extent that a default or summary judgment is entered against the unsuspecting client.’ ” Lee v. Tolleson, 502 So.2d 354, 356 (Ala.1987) (citations omitted). The record contains no evidence that the actions of the grantee’s attorney fall within the exceptions set out in Lee. Therefore, the grantee is not entitled to have his post-judgment motion granted on the grounds of ineffective assistance of counsel.
The grantee argues that the trial court should have intervened during the trial of his case and informed him of a possible conflict of interest his attorney had in representing him in the deed contest or informed him that if his attorney did not testify then the grantee would be prejudiced. The grantee did not provide a trial transcript on appeal, and, therefore, we cannot determine if the grantee was prejudiced by the absence of testimony from his attorney as to the grant- or’s capacity. Old Southern Life Ins. Co. v. Spinato, 57 Ala.App. 416, 329 So.2d 106 (1976). We also note that the grantee did not appeal as to the merits of the action— whether the trial court erred by ruling that the grantor lacked the requisite capacity to make the deed.
*478 A trial court is not responsible for informing a litigant that his attorney is making poor trial decisions. If a trial court could be held in error for not doing so, the advocacy process would be unduly encumbered. Not every poor trial decision results in an adverse ruling; however, under the grantee’s argument, a litigant would have the opportunity to retain new counsel every time the trial judge believed the attorney was making a poor trial decision. The trial court’s duty is to preside over and monitor the advocacy process, but not to act as an advocate for a party. The grantee is requesting that we hold the trial court in error for not acting as his advocate. Requiring a trial court judge to act as an advocate would compromise his or her impartiality and is therefore forbidden by the Canons of Judicial Ethics. See Canon 3. We will not adopt.such a rule of law; therefore, we affirm the trial court’s judgment.
AFFIRMED.
YATES and THOMPSON, JJ., concur.
ROBERTSON, P.J., and MONROE, J., concur in the result.