This is a debt-collection case. The plaintiff appeals from a summary judgment in favor one of the defendants in an action to recover the principal balance the plaintiff contends is owed on a commercial loan. We reverse and remand.
On September 1, 1995, AmSouth Bank sued C W Enterprises, Inc., and C. W. Naramore to collect the principal balance of $265,472.18 owed on a commercial loan of $435,000. On October 12, 1995, AmSouth amended the complaint to add William A. Tate as a defendant; he was a *Page 219 
guarantor of the note, along with C.W. Naramore. On November 13, 1995, AmSouth, C W Enterprises, and Naramore agreed to the entry of a "consent judgment" in favor of AmSouth Bank in the amount of $275,595.84; the court entered such a judgment and certified it as final under Rule 54(b), Ala.R.Civ.P.[1] On November 18, 1998, Dennis Joslin Company, L.L.C. ("Joslin Company") was substituted as the plaintiff, based upon an assignment to it of AmSouth's rights, title, and interest in the subject matter of this case. Both the plaintiff Joslin Company and the defendant Tate moved for a summary judgment. Neither of them responded to the other's summary-judgment motion.[2] The trial court entered a summary judgment in favor of Tate.[3] Joslin Company appeals, arguing that the summary judgment for Tate was improper because, it contends, Tate did not properly support his summary-judgment motion with evidence showing that no genuine issue of material fact existed.
On appeal from a summary judgment, our review is de novo. Hobson v.American Cast Iron Pipe Co, 690 So.2d 341 (Ala. 1997). The burden on a party moving for a summary judgment is clearly set out in Rule 56(c), Ala.R.Civ.P. A summary judgment should be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ala.R.Civ.P. 56(c)(3). The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has satisfied its burden by making a prima facie showing that there is no genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989).
When ruling on a motion for summary judgment, the court should consider all evidence of record, including that evidence formally submitted in support of, or in opposition to, the motion. Spiegle v.Lott, 423 So.2d 163 (Ala. 1982). Because the burden of proof is initially on the moving party, evidence received by the trial court should be construed most strongly in favor of the opposing party, and that party should be given the benefit of all favorable inferences that can be drawn from the *Page 220 
evidence. Wayne J. Griffin Elec., Inc. v. Dunn Constr. Co., 622 So.2d 314
(Ala. 1993); Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala. 1985).
Rule 56 is read in conjunction with the "substantial evidence rule," § 12-21-12, Ala. Code 1975, for actions filed after June 11, 1987. See Bass, supra. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
Because the plaintiff, Joslin Company, did not respond to Tate's summary-judgment motion and Tate did not respond to Joslin Company's summary-judgment motion, all this Court must determine is whether Tate made a prima facie showing that there was no genuine issue of material fact. We conclude that he did not.
The law requires only that a party moving for a summary judgment present evidence, from whatever source, to show that there is no triable issue of fact in the case. The moving party may rely on any of the materials specified in Rule 56(c)(3) ("pleadings, depositions, answers to interrogatories, and admissions on file, [and] affidavits, if any"). In other words, a moving party "need not prove a negative in order to prevail on a motion for a summary judgment." Ex parte General MotorsCorp., 769 So.2d 903 (Ala. 1999), quoting Lawson StateCommunity College v. First Continental Leasing Corp., 529 So.2d 926,935 (Ala. 1988).
Tate did not carry his burden, imposed under Rule 56, Ala.R.Civ.P., of demonstrating that no genuine issue of material fact existed as to the claim against him. The evidence shows that Tate is named on the promissory note in question as a guarantor. The evidence is less clear on the issue of Tate's obligation to Joslin Company. A question exists as to whether AmSouth Bank assigned Joslin Company the guaranty agreement whereby Tate had guaranteed the promissory note of C.W. Naramore and Naramore Enterprises. Joslin Company argues that AmSouth Bank assigned it both the note and the guaranty agreement. The affidavit of Dennis Joslin, given by him as president of Dennis Joslin Company, L.L.C., and submitted in support of Joslin Company's motion for a summary judgment, indicates that Joslin Company purchased the "account" — the note — from AmSouth Bank and that the "account" was assigned to it on March 31, 1998. Dennis Joslin stated that he is familiar with the account of C W Enterprises, Inc., C.W. Naramore, and William A. Tate; that the amount owed on that account was $253,628.54; and that C W Enterprises, C.W. Naramore, and Tate had defaulted under the terms of their promissory note and guarantee with AmSouth. Tate contends that the note, but not the guaranty agreement, was assigned to Joslin Company. However, Tate submitted no evidence in the form of an affidavit or testimony to that effect in support of his motion for summary judgment.[4] *Page 221 
Therefore, a factual question exists as to whether the guaranty agreement was assigned to Joslin Company and what, if any, obligation Tate has to Joslin Company on the note.
Tate failed to show that no genuine issue of material fact exists. Therefore, the summary judgment entered in favor of Tate is due to be reversed and the case remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] C.W. Naramore died on December 7, 1995.
[2] Rule 56(e), Ala.R.Civ.P., provides:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him."
When a party offers no evidence in response to the evidence presented in support of an opposing party's summary-judgment motion, the court must consider the movant's evidence uncontradicted; and, in such a case, a summary judgment, if warranted by that evidence, may be entered against the nonmoving party. Butler v. Michigan Mut. Ins. Co.,402 So.2d 949 (Ala. 1981). However, a lack of response by the nonmoving party will not automatically result in the entry of a summary judgment; instead, that party will risk having the motion granted against him if granting the motion is appropriate on the merits. Ex parte Oden,617 So.2d 1020 (Ala. 1992).
[3] In its summary judgment, the trial court stated:
 "The plaintiff's motion for summary judgment was based on the affidavit [filed on behalf] of plaintiff, Dennis Joslin Company, and attachments to the amended complaint. After carefully reviewing the court file and amended complaint, the court finds that there were no attachments to the amended complaint. Therefore, there is no evidence before the court to support plaintiff's claim that AmSouth Bank assigned to [it] a guaranty agreement, whereby defendant, William Tate, guaranteed the promissory note of C.W. [Naramore] and [Naramore] Enterprises. Therefore, there being no dispute of a material fact, and defendant, William Tate being entitled to judgment as a matter of law, summary judgment is granted in favor of defendant William A. Tate. . . ."
[4] In his motion for summary judgment, Tate states that the consent judgment issued in favor of AmSouth Bank against C W Enterprises and C. W. Naramore was a "final" judgment and therefore extinguishes the claim. He contends that because C W Enterprises is no longer liable on the note and he had guaranteed the note, he too is no longer liable. Tate moved for a summary judgment, with a supporting affidavit from his lawyer that references two exhibits he submitted in support of his motion. Exhibit A is a letter from AmSouth's lawyer to Tate's lawyer concerning Tate's "desir[e] of working out a consent judgment and some payment plan. . . ." Exhibit B consists of a file memorandum indicating the amount of the balance remaining on the loan and a memorandum by an AmSouth loan officer recommending a "charge-off" of the debt balance.
A guarantor's liability is not necessarily coextensive with that of the principal debtor. Shur-Gain Feed Div. v. Huntsville Prod. CreditAss'n, 372 So.2d 1317 (Ala. 1979). However, a guarantor is not discharged until payment or satisfaction of the principal debt has occurred. Id.; see 38 C.J.S. Guaranty § 77 (1943). If a principal's obligation is somehow extinguished, the guarantor in some circumstances can remain liable. See PR Leasing Co. v. Cowin Equip. Co.,611 So.2d 232 (Ala. 1992). Therefore, although a final judgment was entered on the note, a factual issue remains as to Tate's obligation to Joslin Company, if any, as guarantor of the note.