This appeal arises from an action filed by Joe Miles and Sharon Miles against Reed Foust. The Mileses owned a farm, which was subject to a mortgage, in Russell County, Alabama. The Mileses were having financial difficulties that endangered their ability to continue making the mortgage payments on their farm. Reed Foust approached the Mileses, offering to purchase the farm and to allow the Mileses to rent the farm and to continue to live there. The Mileses agreed to Foust's offer. At the closing of the sale in September 2000, however, the Mileses, according to their complaint, learned that Foust needed to take out a mortgage in order to buy the property and that he wanted them to pay him the $31,305.94 profit they were to realize from the sale in exchange for a mortgage in their favor for $35,000. Despite those changes in the circumstances of the deal, the parties agreed to those changes and completed the sale of the property that day.
In early 2001, according to the Mileses' complaint, Foust attempted to sell the property and displace them. The Mileses sued Foust in March 2001, alleging fraud and breach of contract. Foust answered and, in July 2002, he filed a motion for a *Page 593 
summary judgment with a narrative summary of facts and several attached exhibits. The case was originally set for trial on July 29, 2002; however, the case was continued twice, and it was eventually reset for trial on April 7, 2003. On March 31, 2003, Foust filed a document entitled "Motion for Summary Judgment." This motion did not reference the previously filed motion, and it did not contain a narrative summary of facts or any supporting exhibits. On April 4, the Friday before the April 7 trial setting, the Mileses' attorney sent to Foust's attorney via facsimile transmission a copy of a response to the summary-judgment motions. Foust's attorney alleged that he did not receive the response. When the Mileses' attorney arrived for the scheduled trial on Monday, April 7, he attempted to file his response with the court. The court refused to consider the response, holding that it had not been timely served as required by Rule 56(c)(2), Ala. R. Civ. P., and it entered a summary judgment in favor of Foust. After their postjudgment motion was denied, the Mileses appealed to this court, which transferred the case to the Alabama Supreme Court because of a lack of appellate jurisdiction. Our supreme court, in turn, transferred the case to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
The Mileses first argue that Foust's March 31, 2003, motion for a summary judgment was not timely because it was not served at least 10 days before the date set for a hearing on the summary-judgment motion.[1] As noted above, Foust originally filed a motion for a summary judgment in July 2002, before the original trial setting. His March 31, 2003, motion would indeed have been untimely because Rule 56(c)(2), Ala. R. Civ. P., requires, in most instances, 10 days' notice before a hearing on a summary-judgment motion. Pate v. Rollison LoggingEquip., Inc., 628 So.2d 337, 341 (Ala. 1993). However, because Foust's original motion, which had been filed more than eight months before the April 7, 2003, trial setting, was still pending, the Mileses' argument concerning the untimeliness of the March 2003 motion is unconvincing. We conclude that Foust filed his July 2002 motion in a timely manner.
The Mileses also argue that Foust's March 2003 summary-judgment motion is defective because, they allege, it does not contain a narrative summary of undisputed facts. Our supreme court has stated that "[w]hile [Rule 56] provides that a movant may base its motion upon the pleadings and other documents on file with the court, it does not allow a party to file a simplistic motion devoid of a narrative summary and specific references to those portions of the record demonstrating that no genuine issue of material fact exists." Northwest Florida Truss, Inc. v. BaldwinCounty Comm'n, 782 So.2d 274, 277 (Ala. 2000). The March 2003 motion undoubtedly would be defective in that it simply stated that "[t]his motion is based upon undisputed facts and case law." However, the July 2002 summary-judgment motion did contain a narrative summary of undisputed facts, an argument section containing citations to supporting caselaw, and exhibits. Accordingly, we conclude that Foust's July 2002 motion was properly made and, in general, appeared to be properly supported[2] as required by Rule 56. *Page 594 
The Mileses next argue that the trial court erred by entering the summary judgment without allowing them a hearing. Rule 56 provides that the parties are entitled to a hearing on a summary-judgment motion, and a trial court should not, in most cases, enter a summary judgment without providing the nonmovant an opportunity to be heard on the motion. See Van Knight v.Smoker, 778 So.2d 801, 805 (Ala. 2000). "One purpose of the procedural rights to notice and hearing under Rule 56(c) is to allow the nonmoving party the opportunity to discover and to present evidence opposing the motion for summary judgment." VanKnight, 778 So.2d at 805. However, if the party opposing the motion does not wish to present evidence, but desires only to present legal argument in opposition to the motion, a hearing would provide an opportunity for such argument.
The trial court entered a summary judgment in favor of Foust on the ground that the Mileses has failed to timely serve their response to Foust's summary-judgment motions on Foust's attorney. The trial court made this determination based on the fact that the Mileses' attorney sent a copy of the response to Foust's attorney via facsimile transmission, which is not permitted under Rule 5(b), Ala. R. Civ. P.[3] Even if service via facsimile transmission was permitted under the rules, however, Foust argues that the Mileses' response would still have been filed too late because it was not filed within two days of the hearing on the summary-judgment motion, see Rule 56(c)(2); because the hearing on the summary-judgment motion was on April 7, 2003, the Mileses would have had to serve their response on Foust's attorney no later than Thursday, April 3. See Rule 6(a), Ala. R. Civ. P. (explaining that when computing time periods under the rules, intermediate weekend days and holidays are excluded when the time period is less than 11 days).
However, we must determine whether the Mileses' response, which did not contend that any material facts were in dispute, was the type of response required by Rule 56 to be served before the hearing. Rule 56(c)(1) states that "[i]f the opposing party contends that material facts are in dispute, that party shall file and serve a statement in opposition supported in the same manner as is provided herein for a summary of undisputed material facts." If, however, a party does not controvert the facts alleged in the summary-judgment motion and only wishes to challenge the legal underpinnings of the motion or the insufficiency of the summary-judgment *Page 595 
motion itself, the rule does not appear to require that any particular statement in opposition be filed. Based on the text of the rule, we can discern no reason for the trial court not to hold a hearing on the summary-judgment motion simply because the opposing party has not filed a response supported by exhibits alleging that there remains a genuine issue of material fact. In fact, we can conceive of several issues, including those raised in the Mileses' response, that could properly be raised in a legal argument at the summary-judgment hearing. Certainly, the better course may well be to timely respond with a written response containing all arguments, whether factual or legal in nature, in opposition to a pending motion for a summary judgment. However, the rule does not require this.
The Mileses' response raised several objections to Foust's summary-judgment motions, including the objection discussed above relating to the sufficiency of the March 2003 motion, an objection to the failure of either motion to present sufficient evidence to shift the burden to the Mileses, and an objection to the authenticity of three exhibits filed in support of Foust's 2002 motion. None of the Mileses' arguments in opposition to Foust's motions were based upon an allegation that a genuine issue of material fact remained as to any particular issue. Thus, we conclude that the Mileses response was not required to be served on Foust's attorney at any particular time.
The Mileses' attorney attempted to present their response to Foust's summary-judgment motions to the trial court on the date set for trial. The trial court clearly stated its belief that Rule 56, or the caselaw interpreting Rule 56, indicates that "if a response hasn't been filed, [the motion for a summary judgment] is due to be granted as a matter of law." The correct text of the rule is: "If the adverse party does not . . . respond, summary judgment, if appropriate, shall be entered against him." Rule 56(e) (emphasis added). The caselaw is equally clear: a summary judgment should not automatically be entered upon the failure of the nonmovant to file a response. Dennis Joslin Co. v. Tate,779 So.2d 217, 219 n. 2 (Ala. 2000); Ex parte Oden,617 So.2d 1020, 1028 (Ala. 1992) ("If the nonmoving party does not respond, he ordinarily takes only the risk that the motion will be granted against him on the merits, not the risk that a default will be entered against him."); Ex parte City of Montgomery,758 So.2d 565, 569 (Ala. 1999) ("Rule 56(e) does not provide that the nonmoving party will be in default for failing to respond to a summary-judgment motion."). "`"[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."'" Couch, Inc. v.Dothan-Houston County Airport Auth., Inc., 435 So.2d 14, 16
(Ala. 1983) (quoting Harold Brown Builders, Inc. v. Jordan,401 So.2d 36, 37 (Ala. 1981), quoting in turn First Nat'l Bank ofBirmingham v. Culberson, 342 So.2d 347, 351 (Ala. 1977)). A trial court considering an unopposed summary-judgment motion must determine whether that motion and the materials submitted in support of that motion warrant a judgment for the movant as a matter of law.
The trial court in the present case failed to consider the merits of Foust's summary-judgment motion and failed to permit the Mileses to point out the insufficiency of that motion. In doing so, the trial court erred in two respects: it failed to properly apply Rule 56 and it denied the Mileses a hearing. Accordingly, we reverse the trial court's summary judgment, and we remand *Page 596 
this cause to the trial court with instructions that it conduct a hearing on Foust's summary-judgment motion at which the Mileses may present those arguments contained in their response. However, the Mileses may not present any arguments relating to the existence of a genuine issue of material fact or supplement their response with any evidentiary materials.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] A trial court is not required to set a special hearing to consider a summary-judgment motion. Pate v. Rollison LoggingEquip., Inc., 628 So.2d 337, 341 (Ala. 1993); see also Kelly v.Harrison, 547 So.2d 443, 445 (Ala. 1989). In Pate, for example, the trial court considered the summary-judgment motion at a pretrial hearing.
[2] The Mileses object to three exhibits submitted with Foust's July 2002 summary-judgment motion on the ground that they are not properly authenticated. We do not decide whether the exhibits are proper; we simply mean to indicate that the motion, on its face, appears to contain the items required by Rule 56.
[3] Rule 5(b) states that
 "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to the attorney or the party or by mailing it to the attorney or the party at the attorney's or party's last known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."
The rule requires that the copy be delivered to the attorney or one of his employees or be left in his office. It does not indicate that service via facsimile transmission is permitted.Cf. Rule 5, Important Notice From the Clerk of the Supreme Court of Alabama; Ex parte Tuck, 622 So.2d 929 (Ala. 1993) (holding that Rule 5(e) does not authorize filing with the court via facsimile transmission).