Appellant-husband appeals from an order by the Circuit Court of Montgomery County which denied his motion to set aside a divorce decree rendered by that court in a suit involving the parties to this appeal. The husband contends that the court's ruling on his motion was error because he was denied proper representation by having represented himself at the original hearing. We affirm.
Appellant and appellee were married in December 1976 and lived together as husband and wife until May 1978, at which time they separated. No children were born of their marriage. In June 1978 the wife filed a petition for divorce in the circuit court, alleging incompatibility as grounds therefor, and requesting alimony, property division, attorney's fees and restoration of her maiden name. The husband, acting as his own attorney, filed a responsive pleading entitled "Petition for Divorce — Response to Summons and Complaint." This pleading conceded that there existed irreconcilable differences and incompatibility between the parties, but indicated that these problems were the result of the wife's having "become involved with" another party.
At the hearing in this cause the husband was not represented by counsel of record. No court reporter was present at this hearing and the proceedings were not reported. *Page 1138 
After hearing the evidence ore tenus the trial court issued a final decree of divorce dated September 20, 1978.
The divorce decree awarded to the wife the following: a 1977 Toyota automobile, substantially all the personal property owned by the parties, the sum of $500 as alimony in gross, and the sum of $250 as attorney's fees. The husband was awarded a soup tureen and an electric can opener and, in addition to the above-mentioned sums, was required to pay the court costs.
Shortly after this decree was rendered the husband apparently employed counsel to represent him. On September 27, 1978 a motion to set aside the final decree of divorce was filed on behalf of the husband. The grounds for this motion were that, "Norman Sangster represented himself, and because of said pro se representation, did not understand the proceedings, did not understand their import as relates to the taking of evidence in said cause, and did not have proper and adequate representation." The trial court denied this motion on October 10, 1978.
The husband argues on appeal that the trial court erred in denying his motion to set aside the decree. He bases this argument essentially on the same grounds upon which he based his post-trial motion, i.e. that he was denied proper representation at the hearing by having represented himself. Insisting that his post-trial motion was in fact a motion for new trial, the husband further contends that the absence of a court reporter or recording device at the hearing constitutes "irregularity of the proceedings," and as such constitutes cogent grounds for a motion for new trial under Code of Alabama 1975, § 15-17-5.
We find no reversible error in the trial court's actions. The law in this state is clear that any person may manage or conduct his own case in any court in this state. Code of Alabama 1975, § 34-3-19; May v. Williams, 17 Ala. 23 (1849). In the instant case Mr. Sangster chose to proceed in the trial court without the aid of legal counsel. He cannot now be heard to complain that he was denied adequate representation. Any such denial resulted directly from his own volitional conduct.See Sanders v. Sanders, Ala.Civ.App., 342 So.2d 380 (1977).
Nor are we convinced that the absence of a court reporter at the hearing constituted an "irregularity of the proceedings" sufficient to necessitate reversal in this cause. We said inOld Southern Life Insurance Co. v. Spinato, 57 Ala. App. 416,329 So.2d 106 (1976):
 A party is, upon request, entitled to have recorded all testimony taken in open court, Title 13, § 262, Code of Alabama 1940 [currently Code of Alabama 1975, § 12-17-275]. An objection at the outset of a hearing to proceeding without a reporter constitutes the necessary request.
 From the record in the present case, to which this appellate court must look, there is no indication that defendant did in fact object to the lack of a court reporter, or whether there was a ruling on such an objection. We can only speculate on the existence and purport of this and any other alleged prejudicial ruling not appearing in the record. Such speculation will not support review. [Citation omitted.]
In Spinato, supra, we also noted that Rules 10 (d), (e) and (f) of the Alabama Rules of Appellate Procedure provide an alternative to an appellant when no report of the evidence or proceedings at a hearing or trial was made or when a transcript is unavailable. See also, Adams v. Adams, Ala.Civ.App.,335 So.2d 174 (1976). The appellant in the instant case chose not to prepare the "statement of the evidence or proceedings" as allowed by Rule 10 (d), ARAP.
The granting or denial of a motion for a new trial rests largely in the discretion of the trial court; the exercise of that discretion carries with it a presumption of *Page 1139 
correctness and should not be disturbed at the appellate level unless some legal right was abused and the record plainly and palpably shows the trial court was in error. Robertson BankingCo. v. Ebersole, Ala., 331 So.2d 278 (1976).
In the absence of a transcript of the proceedings or a Rule 10 (d) statement of oral testimony, we cannot say that the trial court plainly abused its discretion in denying Mr. Sangster's post-trial motion. This case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.