This is an appeal from a jury verdict in favor of the plaintiffs against the defendant, Douglas Cecil Holcombe, for malicious prosecution.
Charges of grand larceny were filed against the plaintiffs, Billy Blackwell and Roger Weafer, based on a sworn statement executed by the defendant. The grand larceny charges were later nol prossed on motion of the State.
The plaintiffs then filed the present action against the defendant for malicious prosecution. The jury returned a verdict in favor of the plaintiffs in the amount of $7,500. The defendant filed a motion for a new trial and the motion was denied after the court heard argument and the testimony of the court bailiff.
The dispositive issue in this appeal — and the only issue adequately argued — is the defendant's contention that the communications between the bailiff and the jury had the effect of coercing a verdict for plaintiffs and thereby constituted reversible error.
The court bailiff testified at the hearing on defendant's motion for new trial. There was no testimony by any of the jurors, nor are there any affidavits from the jurors in the record. The bailiff testified that after the jury began its deliberations, one of the jurors informed him that the jury was divided five to seven and had not reached a verdict. The bailiff testified that he immediately relayed this message to the trial judge. The bailiff stated that the trial judge told him to go back and tell the jury that they had to be unanimous one way or the other. The bailiff's testimony indicated that the above described series of communications was repeated at least three times, each about thirty minutes apart. The bailiff testified that each time he communicated with the jury, he told them that they had to reach a unanimous verdict.
We think it also noteworthy that there is nothing in the record indicating that counsel for either party was present when the trial judge instructed the bailiff. *Page 567 
In Kansas City, M. B.R.R. v. Phillips, 98 Ala. 159,13 So. 65 (1893), the supreme court said:
 [W]here misconduct on the part of the jurors, or the officers having them in charge, is shown, and it reasonably appears, from the nature of the misconduct and the attendant circumstances, that the verdict may have been unlawfully influenced thereby, a new trial ought to be granted.
In the case at bar we are not convinced that the proof offered in support of the motion for new trial shows that "the verdict may have been unlawfully influenced" by the statements of the bailiff. All that was shown was that the bailiff told the jury that their verdict must be unanimous and to keep trying. There was no evidence presented that these statements influenced the jury one way or the other in arriving at its verdict. In the absence of such proof the defendant fails to carry the burden placed upon him by the above quoted rule.
It is also important to remember that the granting or denial of a motion for a new trial rests largely in the discretion of the trial court, and such action will not be disturbed on appeal except for a plain and palpable abuse of that discretion. Sangster v. Sangster, Ala.Civ.App., 366 So.2d 1136
(1979). Although we conclude that the denial of the motion for new trial was not error, we are not to be understood as condoning the procedure used by the trial court to communicate with the jury, especially in the absence of counsel for the parties.
No error prejudicial to the substantial rights of the defendant having been successfully argued, the order denying the motion for new trial is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.