WRIGHT, Presiding Judge.
This a divorce case.
Wife filed petition for divorce and husband answered and counterclaimed. The case proceeded to ore terms hearing before the Mobile County Circuit Court.
On July 28, 1980, before the decree finalizing their divorce was rendered, the parties notified the husband’s lawyer that they wanted to give their marriage another try. The lawyer informed the parties that he would draw up a motion to dismiss.divorce proceedings. The parties went home together that evening and apparently had an argument or two and couldn’t get along. The next morning the wife went to her attorney’s office and requested that the divorce proceed.
On August 1,1981, the court rendered its decree divorcing the parties. Husband filed a motion to set aside the judgment of divorce and attached thereto the motion to dismiss which had not previously been filed.
The trial court held an evidentiary hearing on the husband’s motion to set aside judgment of divorce. The motion was denied and the husband appeals. We affirm.
The dispositive issue is whether there was a reconciliation between the parties prior to the court’s rendering its decree. The husband claims a reconciliation occurred and that the trial court thus erred in rendering a final judgment of divorce. The wife • claims the parties had not reconciled.
In Alabama, a reconciliation between the parties in a pending divorce action abrogates the cause of action and, ordinarily, the only allowable judgment thereafter is one dismissing the cause. McNutt v. Beaty, 370 So.2d 998 (Ala.1979); James v. James, 369 So.2d 811 (Ala.Civ.App.1979).
In Rikard v. Rikard, 387 So.2d 842 (Ala.Civ.App.1980), the only previous case in which this court has addressed the issue of whether reconciliation has occurred, we adopted the following general definition of “reconciliation”:
Voluntary assumption of marital cohabitation in the fullest sense of living together as husband and wife, having sexual relations and where possible, joint domicile. The intention of the parties must be to resume married life entirely, and not merely to enjoy each other’s society temporarily, for limited purposes, or as a trial of whether they want to be reconciled. (Emphasis added.)
We also stated as follows:
Separated married couples who later cohabit on a trial basis do not have a present intent to resume married life entirely and on a permanent basis. They utilize the trial cohabitation as an instrument to assist them in making up their minds. The requisite intent is not present. They do not intend to settle their differences on a permanent basis, but rather conditionally. After a separation, if the parties casually cohabit, or if the cohabitation is sporadic, or if it is conditional or provisional, there is no reconciliation because of the absence of the required intent. (Emphasis added.)
We further stated that the question of whether the parties intended to resume married life entirely is a factual matter to be considered by the trial judge along with all of the other evidence in the case and reasonable inferences therefrom.
We perceive no particular benefit in setting out in detail the evidence pertaining to reconciliation. The parties contacted the lawyer and were together on July 28. The wife testified there were conditions to their rejoindure and that the husband broke some of these that very night. The next morning she went to her lawyer seeking to have the divorce proceed. It did.
From this and other evidence and inferences therefrom the court could well have found that the parties engaged in a “conditional reconciliation,” as the trial judge put it, and did not intend to resume married life entirely but to cohabit on a trial basis. The trial judge listened to extensive testimony at the hearing on husband’s motion to set aside. The record indicates he exercised his judgment fairly and discreetly.
The judgment is affirmed.
*1009 Attorney’s fees, requested by the wife for her representation on appeal, are awarded in the amount of $300.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.