ROBERT P. BRADLEY, Retired Appellate Judge.
This is a divorce case.
The parties were divorced in January 1989, and the wife was awarded custody of the parties’ minor son. The wife was given exclusive possession of the marital residence until she remarries, or until the child is no longer dependent, at which time the property is to be sold and the proceeds divided equally. The husband was required to pay all mortgage, taxes, and insurance on the home “as periodic alimony.” He was also ordered to pay $480 per month in child support and to maintain health insurance for the child.
The husband subsequently filed a motion for new trial. After an ore tenus proceeding on the motion, the trial court entered an order amending the divorce decree to require the wife to pay the mortgage, taxes, and insurance on the home. The husband was ordered to pay $600 per month as periodic alimony to the wife. He now appeals from the amended divorce decree.
We recognize from the outset that in divorce cases where the evidence has been presented ore tenus the trial court’s judgment is presumed correct and will not be set aside unless it is shown to be plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Child custody, periodic alimony, and property settlement are all matters left to the discretion of the trial court, and its determination will not be disturbed absent a showing that its discretion has been abused. Lucero.
The husband first argues that the trial court erred in awarding custody of the child to the wife. The husband contends that the wife has had a past history of emotional instability that makes her less fit for custody than he.
The record shows that in 1981 the wife attempted to commit suicide and was given in-patient medical treatment for severe depression. At trial the wife testified that this problem arose from a complete hormonal imbalance, caused by a fibroid tumor. After the suicide attempt, the wife underwent a hysterectomy to remove the tumor and has since had no record of emotional or mental problems. The wife stated that she has not suffered from serious depression since the surgery was performed. Several witnesses testified that the wife is a responsible, loving parent who is in control of her emotions. The wife is now a teacher in the child’s school, and testimony shows that she is considered to be very caring toward her students and skilled in her work.
In making an award of custody, it is proper for the trial court to consider the emotional and mental health of the parents. Makar v. Makar, 398 So.2d 717 (Ala.Civ.App.1981). However, the court may also consider the respective home environments of the parties, as well as the capacity and interest each party has to care for the various needs of the child. Lipsey v. Lipsey, 450 So.2d 1095 (Ala.Civ.App.1984). Here, the record shows that the husband works from 5 a.m. to 5 p.m. Tuesday *962 through Saturday arid would have to have outside day care for the child. In contrast, the wife’s work hours coincide with the child’s schedule at school; thus, she is available for him during both work and leisure hours. It is undisputed that the wife has been the primary caretaker of the child since his birth and is adept at the chores of child rearing.
After reviewing the record in full, we cannot say that the trial court abused its discretion in awarding custody of the child to the wife. While it is clear that the wife did suffer a period of emotional instability over ten years ago, the evidence shows that she is now able to fully discharge her duties as a parent. We find no error in this aspect of the trial court’s judgment.
The husband next argues that the court erred in awarding the wife $600 in periodic alimony. The husband claims that he is unable to pay such a high amount in view of his monthly child support obligation and other expenses.
In reaching a determination as to amount of alimony, the trial court may consider the future earning prospects of the parties, their education and work experience, job histories, earning records, and misconduct of the parties, if any. Sheffield v. Sheffield, 485 So.2d 1177 (Ala.Civ.App.1986).
The record shows that the husband is employed as a postal worker, earning approximately $2,000 in net pay per month, as well as additional wages for overtime hours. The husband also receives a pension of approximately $9,000 per year from the United States Air Force, only one-half of which is taxable. The husband points out that his expenses, with alimony and child support, total $2,095 month. However, these expenses include payments for items such as a new truck, a Honda four-wheeler, a video camera and VCR, a washer and dryer, and a go-cart. All of these items were purchased by the husband after the parties separated.
The record shows that the wife earns $758 in net pay per month. From this income, the wife must pay all the household expenses as well as the mortgage, taxes, and insurance on the marital residence. She holds a non-accredited teacher’s certificate, which qualifies her to teach only in private schools and thereby limits the amount of salary she can earn.
We note that there was evidence presented at trial as to alleged adultery on the part of the wife. However, this evidence was sharply disputed. It is the duty of the trial court to weigh all the evidence in a divorce case and resolve any conflict in the testimony. Sayles v. Sayles, 495 So.2d 1131 (Ala.Civ.App.1986). Here, the trial court has resolved the conflicts in the evidence in favor of the wife, and we cannot say it did so in error. Moreover, in view of all the evidence in the record, especially that relating to the disparity of incomes of the parties, we cannot say that the amount of the award of periodic alimony to the wife is plainly and palpably wrong.
The husband next argues that the trial court erred in allowing the wife to remain in the marital residence until her remarriage or until the child is no longer dependent. The husband points out that the wife cannot afford to pay the mortgage and expenses of the home without alimony. He suggests that it would be more equitable to order the marital residence sold now instead of in the future so that the wife will not have to pay the mortgage and he will not have to pay alimony.
The division of property in a divorce action is left to the sound discretion of the trial court, which may use any reasonable means to adjust the equities of the parties, including ordering the sale of the marital residence. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308 (1969). We recognize that the husband’s payment of alimony is necessary to help the wife meet the mortgage payments. However, it is entirely likely that the value of the home will increase as the mortgage is reduced, and the husband will receive half of the profits when the home is eventually sold. In view of this, we do not find that the court’s judgment is so inequitable as to constitute an abuse of discretion. Accordingly, it is affirmed.
*963 The wife’s request for an attorney’s fee on appeal is granted in the amount of $550.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.