This is a divorce case.
Henry C. Pride (husband) and Janette L. Pride (wife) had been married approximately three years when the wife filed for divorce in March 1992. No children were born of the marriage. After no appearance was filed by the husband, a default judgment was entered in June. A timely motion was filed and the default judgment was set aside. Thereafter, in July, the husband filed a motion to dismiss, contending that the parties had reconciled after the commencement of the action. Following an August hearing, the trial court denied the husband's motion to dismiss and it scheduled a pendente lite hearing.
Following the husband's answer and other pleadings, the case was scheduled for pre-trial in March 1993 on motion of the wife. At a pre-trial conference, the husband's attorney filed a motion to withdraw. That motion was granted and the case was set for trial March 17. When the case was called for trial, the husband's request for a continuance to obtain legal representation was denied. Following ore tenus proceedings, the trial court divorced the parties and divided their property and obligations. The husband appeals.
On appeal, the husband asserts that the trial court erred in denying his motion to dismiss based upon a reconciliation; that it abused its discretion in refusing his request for a continuance to obtain legal counsel; and that it grossly abused its discretion in the division of property.
At the outset, we note that in divorce cases where evidence has been presented ore tenus, the trial court's judgment is presumed correct and will not be set aside unless it is shown to be plainly and palpably wrong. Hall v. Hall, 598 So.2d 960
(Ala.Civ.App. 1992).
The husband first contends that the trial court erred in refusing to dismiss the wife's complaint for divorce because subsequent to the filing of the complaint, the parties resumed living together as husband and wife. There was evidence that the wife resumed living with the husband from April following the filing of her complaint until the end of the following May, after which time the parties again separated. A reconciliation of the parties while a suit for divorce is pending will abrogate the cause of action, and the trial court usually must dismiss it. Rikard v. Rikard, 387 So.2d 842
(Ala.Civ.App. 1980). Whether there has been a reconciliation, however, is a question of fact which *Page 249 
the trial court must determine from all the evidence before it since "[r]econciliation is largely a state of the minds of both of the parties to be determined from all of the evidence and reasonable and proper inferences therefrom." Rikard at 846. The wife testified that she continued to live with the husband until the end of May "on terms of us trying to work out the marriage." We find no error in the determination by the trial court that there had been no reconciliation of the parties. " 'The intention of the parties must be to resume married life entirely, and not merely to enjoy each other's society temporarily, for limited purposes, or as a trial of whether they want to be reconciled.' " (Citation omitted.) Rikard at 844.
The next issue is whether the trial court erred in refusing to grant the husband's request for a continuance on the day of trial in order for him to obtain legal counsel. As a general rule, continuances are not favored, and the trial court's denial of a motion for continuance will not be reversed unless palpable error or abuse of discretion is shown. Barran v.Barran, 431 So.2d 1278 (Ala.Civ.App. 1983). The record in this case indicates that the trial of this case was held approximately one year after the complaint was filed. Various pre-trial motions were filed and hearings were held. Although the husband contends that he was not at the pretrial conference where his counsel was allowed to withdraw, nevertheless, there is evidence that the husband was aware of his counsel's intention to withdraw prior to the pre-trial conference. The husband also testified that he was present in the courthouse on the date of the pre-trial conference but did not attend. Additionally, the husband was aware of the trial date and he had two weeks to obtain other or different counsel prior to trial had he so chosen. On the day of trial when the husband requested a continuance, the trial court replied, viz:
 "I'm going to deny your request, I'm going to note something for the record. This lawsuit was filed in March of 1992, one year ago, and we have had at least one — let's see. This case was filed in March of 92. . . . Application for a judgment by default was made in June and a default judgment entered for the plaintiff and against the defendant in June of 1992. The defendant then by Mr. Denham, his attorney, filed a motion to set aside the default judgment on June 25th. I set aside that default judgment by order of June 25, 1992 and gave the defendant some time to plead further. In July the defendant filed a motion to dismiss. I set a hearing on that motion to dismiss. The defendant also asked for some pende lite relief. There was an objection filed by the plaintiff to the pende lite request made by the defendant. I denied the motion the defendant filed to dismiss and I set the pende lite hearing on the defendant's motion for September. Mr. Denham then filed an answer in early September. We then had a motion for some temporary relief filed by the Plaintiff. I entered an order on September 9, 1992 and scheduled a pende lite hearing for September 24th. On September 24th, with the parties present and the attorneys present, we had a pende lite hearing and I entered an order after that hearing. We then had a motion filed by the plaintiff relating to some alleged injury or damage the plaintiff may have suffered or the property may have suffered subsequent to the pende lite hearing. That was a motion filed in December of 92. I did not immediately respond to that motion. I at that time had already scheduled the pretrial settlement conference for March 3, 1993, so I waited to take that matter up at that time. I then in February had a motion to withdraw filed by Mr. Denham. Likewise, I waited until March 3rd to rule on that motion and that's the motion we talked about a few minutes ago which I granted and I scheduled the trial. Now, we have had a lot of activity in this case and other than the pende lite hearing we have not had any testimony or evidence and I think, Mrs. Pride and Mr. Pride, you have both had ample opportunity to prepare yourselves and to have your attorneys prepare your case and I'm not inclined and will not grant a motion to continue this case. I think it should be tried and we will try to resolve the issues. I'm going to deny the motion." *Page 250 
The law of this state is clear that any person may manage or conduct his own case in any court in this state. Ala. Code 1975, § 34-3-19; Sangster v. Sangster, 366 So.2d 1136
(Ala.Civ.App. 1979). In that case, the husband chose to proceed to trial without the aid of legal counsel and attempted to later complain that he was denied adequate representation. That denial resulted directly from his own volitional conduct.Sangster, supra. Similarly, the husband in the case sub judice, with knowledge of his attorney's withdrawal, chose not to retain additional counsel before the date of trial. Accordingly, there was no error in the trial court's denial of his request for continuance.
The law is clear that the division of marital property incident to a divorce is a matter committed to the sound discretion of the trial court, and it will not be reversed absent a finding of plain and palpable abuse. Brown v. Brown,602 So.2d 429 (Ala.Civ.App. 1992). That division is not required to be equal, but must be equitable, and the determination of what is equitable rests within the sound discretion of the trial court. Rea v. Rea, 599 So.2d 1206
(Ala.Civ.App. 1992). Thus, a division of property that favors one party over another is not in and of itself an abuse of discretion. Rea, supra.
Inter alia, at issue here was the marital home and a separate parcel of acreage. There was testimony that the marital home was built at a cost of $105,000, with an original pay-down of $25,000, and the remainder was secured by a mortgage. The trial court awarded the marital home and its mortgage indebtedness to the wife and the acreage to the husband.
The wife testified that she invested $12,000 of her separate monies into building the house and that the husband contributed the remainder. She testified that the separate parcel of acreage is a two-acre lot which was purchased for the sum of $11,000 and that land preparation for development cost another $10,000 or $11,000. The wife testified that she invested $8100 of her separate monies in that lot. The lot was later determined to be unsuitable for home-building purposes and the husband argued that it is worthless swamp land. At other times during the proceedings, the parties estimated the value of the marital home as being between $120,000 and $140,000.
At a pendente lite proceeding, the husband testified that he had been notified of impending foreclosure of the home property and that, although he could not make the payments, he would not agree to allow the wife to have the home to save it from foreclosure. The wife offered to transfer her interest in the property to the husband if he would reimburse her for her investment in the property. The husband was not cooperative in the matter.
The record reveals that both parties are employed and they earn similar income. The husband contends that in addition to his job at Champion Paper, he is a Baptist minister. The trial court admonished the husband regarding his behavior several times during the trial, and it further expressed concern that the husband appeared to be prone to violent outbursts and possible assaultive behavior. The wife testified to the husband's prior physical abuse of her. Near the conclusion of the proceedings, the trial court summoned the assistance of a deputy sheriff to the courtroom.
The credibility of oral testimony is addressed to the trier of fact in divorce actions. Murray v. Murray, 598 So.2d 921
(Ala.Civ.App. 1992). Among the factors which a trial court can consider when fashioning an award of property in a divorce action are the parties' respective ages, the length of their marriage, their future prospects, and the conduct of the parties in regard to the cause of divorce. Murray, supra. For the foregoing reasons, we find no error in the trial court's division of the parties' property.
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
The request by each party for attorney fees in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur. *Page 251