L. CHARLES WRIGHT, Retired Appellate Judge.
The wife filed an action for divorce in the Circuit Court of Montgomery County in October 1992. The husband was then an inmate in the Alabama penal system, serving a life sentence for murder.
The husband filed numerous pro se, pretrial pleadings with the trial court. The pleading pertinent to this appeal was the husband’s request that a court reporter be present for the divorce hearing.
A hearing was held on the wife’s complaint for divorce. The husband was not present due to his incarceration. No court reporter was present, and no transcript was made of the proceeding. The trial court divorced the parties and, among other things, divided the marital assets. The husband appeals.
*559 The dispositive issue on appeal is whether the failure to provide a court reporter, or any recording device, constituted reversible error.
Upon request, a party is entitled to have recorded all testimony taken in open court. Songster v. Songster, 366 So.2d 1136 (Ala.Civ.App.1979); § 12-17-276, Code 1975. Failure to have the testimony recorded, however, is not reversible error in all situations. Rules 10(d), (e), and (f), A.R.A.P., provide an alternative to an appellant when no report of the evidence is made. Songster.
The husband was entitled to have a court reporter present because of his pretrial request. The alternate Rule 10, A.R.A.P., route was not available to him because of his incarceration and resulting absence. In this instance, we find the failure to honor the request to be reversible error. Without a record of the proceedings, the husband was left with no effective means to appeal the cause.
From any final judgment of the circuit court, an appeal lies to the appropriate court as a matter of right by either party. § 12-22-2, Code 1975; Rule 3, A.R.A.P. To fail to honor a request for a court reporter to report the proceedings at trial is to deny the right to an effective appeal and violates procedural due process.
The judgment of the trial court is reversed and set aside and the case remanded for a new trial, with a court reporter as provided by § 12-17-275, Code 1975.
The other issues presented regarding requests for discovery are pretermitted. There was no ruling on them in the clerk’s record. They may be presented again on remand as appropriate.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS,
All the Judges concur.