THOMPSON, Presiding Judge.
Lakshimi Sola (“the wife”) appeals from a judgment setting aside a default judgment entered on February 4, 2009 (“the default judgment”). The default judgment divorced the wife from Prasad Sola (“the husband”), divided the parties’ marital property, and allocated the parties’ marital debt, among other things. Specifically, the default judgment awarded the wife the marital residence and ordered her to pay the first mortgage on that residence. The *518 husband was ordered to pay the balance on the parties’ equity line of credit, which was secured by a second mortgage on the marital residence. At the time the default judgment was entered, the balance owed on the equity line of credit was $92,397.97. The husband did not appeal from the default judgment.
On August 20, 2010, the wife filed a petition for contempt against the husband, alleging that he had failed or refused to make the monthly payments on the equity line of credit since December 2009. She also alleged that the husband had threatened her father and her with bodily harm.
On October 4, 2010, the husband answered the wife’s contempt petition and asked that the default judgment be set aside.[1] In his motion, the husband stated that he was unaware that a default judgment had been entered against him until March 2009 — the month after the default judgment was entered. In his motion to set aside the default judgment, the husband also stated that he was unaware of the wife’s testimony in support of her motion for a default judgment until September 21, 2010, when his attorney both requested and received a copy of the testimony from the wife. The husband stated that he “denied” the wife’s testimony that, since the husband moved out of the marital residence in August 2007, he had returned to the marital residence “sporadically” for several weeks at a time in attempts to reconcile. The wife apparently testified that those attempts at reconciliation had been unsuccessful. In his motion, the husband stated that he had resided in the marital residence with the wife continuously from May 2008 to December 2008 and had believed that, during that period, the wife and he had reconciled.
The majority of the husband’s motion to set aside the default judgment was devoted to the parties’ finances. After making assertions of fact to support his position, the husband stated:
“The [husband] believes that the default divorce that was issued to the [wife] is grossly inequitable and is based on misstatements and falsehoods contained in the [wife]’s testimony in support of her application for a default divorce. The [husband] was unaware that the [wife] was proceeding to take a default judgment against him, and after the [husband] learned of the default divorce, the [wife] fraudulently represented to the [husband] that she was going to refinance and assume the total mortgage for the marital residence, lulling the [husband] into failing to challenge the default decree of divorce earlier.”
The husband then asked the trial court to relieve him of the responsibility of paying the balance of the equity line of credit.
An ore tenus hearing was held on December 12, 2011, to consider the claims raised by both parties. The evidence presented at the hearing related to events and circumstances before the default judgment was entered. During the hearing, the husband, who said he had earned a law degree in India, also testified that the wife had told him about the default judgment on February 22, 2009. He stated he had not challenged the default judgment sooner because, he said, when the wife told him about the default judgment, she also told him that she was going to talk to her lawyer because there were financial issues between the husband and her and they were going to settle those issues. He also *519 claimed he did not challenge the default judgment earlier because, he said, he was trying to deal with issues his children were having.
The parties testified regarding their attempts at reconciliation and their living arrangements between August 2007, when they first separated, and February 4, 2009, when the default judgment was entered. The husband initially moved out of the martial residence on August 12, 2007. The wife filed her complaint for a divorce in February 2008, and the husband was served with the summons and complaint on February 27, 2008. The wife said the husband returned to the marital residence “sporadically,” and that they had resumed living together from April 2008 through December 2008 in an effort to reconcile, but that she did not intend the living arrangement to be anything but a trial or conditional situation. She said that she did not dismiss the divorce action and that she never suggested to the husband that she did not intend to go through with the divorce.
In December 2008, the wife said, they took a family vacation to the Bahamas. On the return trip, the wife said, the husband left the family at a hotel in Miami. When the wife and children returned to Huntsville on January 1, 2009, the wife said, the husband was not at the marital residence. She said he came to retrieve his clothes on January 2, 2009, and left again without indicating where he was going.
The husband testified that when he returned to the marital residence in April 2008, he did not regard it as a temporary situation. He said his “impression was I was there for good.” He said that the wife had told him she had “stopped the divorce” after he had returned to the marital residence, but the wife testified that she did not say that to the husband.
There was no evidence to indicate that after the husband left the marital residence on January 2, 2009, the parties made any further attempts toward reconciliation. The record indicates that a large part of the hearing on the husband’s Rule 60(b), Ala. R. Civ. P., motion to set aside the default judgment was devoted to the parties’ testimony regarding their finances, including their income, assets, and debts. Because that evidence is not pertinent to our disposition of this appeal, we will not discuss it in detail.
After the parties presented their evidence, the trial court said its main concern was the order requiring the husband to make the payments on the second mortgage used to secure the home-equity line of credit. The trial court made the following statement:
“All right. I am going to give you ten days for each of you to do briefs.
“I will be honest with you, had I known everything that there was to know I would not have entered the [default judgment] that I did. The one thing — and I’ll just let y’all know up front. The one thing that causes me trouble, problems with the judgment of divorce is making the husband pay the second mortgage on the house. That is what causes me the most trouble.
“And I am going to encourage y’all to talk and see if y’all can reach an agreement, but otherwise ten days to do briefs. And I mean extensive briefs. Assume this case is going to be appealed. And, and the issues are going to be, number one, what can be used at this point under Rule 60(b), [Ala. R. Civ. P.,] upon which I can set this decree aside. And the second issue is if I find the parties, in fact, reconciled during that eight-month period that they were together, which I will tell you I am leaning *520 that way, had I known that, I probably would not have signed the decree.
“What, what is the effect that, the effect of that on this judgment of divorce? In other words, does that make any order that I enter thereafter void? If it is void, it is as if it does not exist. And a void order, as I understand the law, a void order — not voidable, but a void order can be attacked at any time.”
The parties submitted briefs as requested. The husband again asked the trial court to find that the default judgment, “based on the wife’s affidavit [submitted in support of the default judgment], was grossly inequitable and should be set aside based on fraud upon the court and/or lack of jurisdiction based on reconciliation of the parties during the pendency of the divorce.” In her brief, the wife summarized her position, stating:
“[T]he husband [had] slept on his rights. Both parties have moved on and lived their lives and conducted their financial affairs as single people for a period of years. The husband should not now be allowed to reopen the case because he has lately decided the terms of the divorce were unfair to him.”
On December 27, 2011, the trial court entered an order setting aside the default judgment. In the order, the trial court found
“from the evidence that the parties reconciled during the pendency of the original divorce action pending between the parties, ... which abrogated the cause of their action. Hale v. Hale, 878 So.2d 318 (Ala.Civ.App.2003). As a result of their reconciliation during the pendency of that action, this Court lost subject-matter jurisdiction, and the only allowable judgment after their reconciliation would have been an order of dismissal. Rikard v. Rikard, 387 So.2d 842 (Ala.Civ.App.1980).”
The trial court concluded that, based on its finding that the parties had reconciled during the pendency of the divorce action, the default judgment was void and the divorce action was due to be dismissed. The trial court then determined that, because the default judgment was void, the wife’s current contempt action based on that judgment was due to be dismissed. The wife timely appealed.
The wife contends that the trial court erred in setting aside the default judgment nearly three years after the default judgment had been entered and after the parties had relied on the default judgment in their conduct.
The default judgment was entered on February 4, 2009. Although in his motion to set aside the default judgment the husband stated that he was “unaware that the [wife] had taken a default judgment against him until he received a copy of the Court’s decree from counsel for the [wife] in or around March 2009,” he testified at the hearing that he first learned of the default judgment on February 22, 2009, when, he said, the wife told him about it. Rule 55(c), Ala. R. Civ. P., provides that a party can file a motion to set aside a default judgment not more than 30 days after entry of the default judgment. According to the husband’s own testimony, he was aware of the default judgment within 30 days of its entry; however, he took no steps to have the default judgment set aside or to contact an attorney. The husband testified that he did not challenge the default judgment based on representations he said his wife made — on the same day he said she told him of the default judgment — that there were financial issues between them that needed to be settled. He said he also did not pursue a challenge to the default judgment because he was busy dealing with problems his children *521 were having. Regardless of the reason, the husband failed to timely move to have the default judgment set aside pursuant to Rule 55(c), Ala. R. Civ. P. He also did not appeal from the default judgment.
It was not until the wife sought to have the trial court hold the husband in contempt for his failure to make certain payments required in the default judgment that the husband decided to challenge the default judgment. His motion to set aside the default judgment was filed on October 4, 2010, one year and eight months after the default judgment was entered. Although the husband did not specify that he was moving to have the judgment set aside pursuant to Rule 60(b), Ala. R. Civ. P., the trial court pointed out at the hearing that Rule 60(b) was the only mechanism by which to have the judgment set aside.
Rule 60(b) provides for relief from a judgment in certain circumstances, and it provides in pertinent part:
“(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four (4) months after the judgment, order, or proceeding was entered or taken.”
A motion brought under Rule 60(b)(4) is not subject to the reasonable-time requirement of Rule 60(b) and may be brought at any time. Ex parte Full Circle Distrib., L.L.C., 883 So.2d 638, 643 (Ala.2003) (“As a nullity, a void judgment has no effect and is subject to attack at any time”).
In this case, the husband explicitly stated that the reason he sought to have the default judgment set aside was because he believed it was inequitable and, as he said in his motion, he wanted the trial court “to relieve him of responsibility for the second mortgage on the marital residence.” The husband’s argument was based on what he characterized as “misstatements and falsehoods contained in the [wifej’s testimony” given in support of her motion for a default judgment. We note that “perjury is not a fraud on the Court, which is a Rule 60(b)(6) ground, but intrinsic fraud, which is a Rule 60(b)(3) ground. Brown v. Kingsberry, 349 So.2d 564 (Ala.1977), Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987), Lockwood v. Bowles, 46 F.R.D. 625 (D.D.C.1969).” Ex parte Third Generation, Inc., 820 So.2d 89, 90 (Ala.2001). However, the husband’s Rule 60(b) motion was filed 20 months after the default judgment was entered — far beyond the 4-month period in which a party may timely make a motion pursuant to Rule 60(b)(3). Accordingly, the default judgment could not properly be set aside pursuant to Rule 60(b)(3).
The trial court was dissatisfied with the provisions of the default judgment in light of what the husband was asserting in support of his motion to set aside the default judgment. At the end of the hear *522 ing, the trial judge said: “[H]ad I known everything that there was to know I would not have entered the order that I did” as far as ordering the husband to pay the second mortgage. The court also stated that, if it had found that the parties had “reconciled during that eight-month period that they were together, which I’ll tell you I’m leaning that way, had I known that, I probably would not have signed the decree.” The court instructed the parties to prepare briefs about “what can be used at this point under Rule 60(b) upon which I can set this decree aside.” Clearly, the trial court was seeking to change the terms of the default judgment that had been entered nearly three years earlier. It appears that the husband and the trial court determined that finding that the default judgment was a void judgment pursuant to Rule 60(b)(4) was the only means to reach that result. The husband does not contend that Rule 60(b)(6) is applicable in this case.[2]
“The standard of review on appeal from an order granting [or denying] relief under Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’ Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).”
Ex parte Full Circle Distrib., L.L.C., 883 So.2d at 641.
 Citing Hale v. Hale, 878 So.2d 313 (Ala.Civ.App.2003), and Rikard v. Rikard, 387 So.2d 842 (Ala.Civ.App.1980), the trial court in this case determined that it did not have subject-matter jurisdiction to enter the default judgment because, it said, the parties had reconciled during the pendency of the divorce action. “A reconciliation of the parties while a suit for divorce is pending will abrogate the cause of action, and the trial court usually must dismiss it.” Pride v. Pride, 631 So.2d 247, 248 (Ala.Civ.App.1993) (emphasis added). Upon reconciliation, the trial court loses subject-matter jurisdiction over the parties, and, as a general rule, the only allowable judgment is an order of dismissal. Rikard, 387 So.2d at 843 (citing McNutt v. Beaty, 370 So.2d 998 (Ala.1979), and James v. James, 369 So.2d 811 (Ala.Civ.App.1979)).
However, Hale and Rikard each involved appeals of cases in which trial courts were required to make factual determinations regarding whether the parties had reconciled before final judgments were entered. See Pride v. Pride, 631 So.2d at 248-49 (“Whether there has been a reconciliation ... is a question of fact which the trial court must determine from all the evidence before it since ‘[Reconciliation is largely a state of the minds of both of the parties to be determined from all of the evidence and reasonable and proper *523 inferences therefrom.’ Rikard at 846.”); see also Hale, 878 So.2d at 317 (Implicit in the trial court’s judgment dismissing the divorce action was a factual finding that the parties had reconciled.).
In this case, when the husband sought to have the default judgment set aside based on the parties’ “reconciliation,” there was no divorce action pending. A final judgment had already been entered based on the evidence presented. When the default judgment was entered, there was no assertion that the trial court did not have subject-matter jurisdiction over the divorce action. The husband did not appeal from that judgment or seek to set it aside based on the misrepresentations of fact he now claims were made by the wife in support of her application for a default judgment.
In Osborn v. Roche, 813 So.2d 811, 818 (Ala.2001) (quoting Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993)), our supreme court noted:
“ ‘[RJelief [pursuant to Rule 60(b) ] should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments.’ ”
If the husband desired to contest the default judgment on the ground that the parties had reconciled after the wife filed the divorce complaint in February 2008, and to present evidence in support of that ground, he could have filed a motion to set aside the default judgment pursuant to Rule 55(c), he could have appealed from the default judgment, or he could have filed a timely motion to set aside the default judgment pursuant to Rule 60(b)(3). By his own testimony, the husband was aware of the default judgment in time to avail himself of any one of those options. He has not asserted that he was denied due process in these proceedings. He chose not to defend the divorce action, and he chose not to challenge the default judgment. Instead, the husband waited nearly 20 months after the default judgment was entered to seek to have it set aside. Even then, the husband’s motion was made after the wife sought to have him held in contempt for his failure to make payments on the second mortgage, and the reason the husband sought to have the default judgment set aside was to relieve him of the responsibility of paying that second mortgage.
Twenty months after the default judgment was entered (and almost four years after he was served with the complaint in the divorce action), the husband for the first time presented evidence in an attempt to refute what he says were misrepresentations the wife made in seeking the default judgment. It was also the first time the husband presented evidence to support his position that the parties had reconciled during the pendency of the divorce action and, therefore, that the divorce action should have been dismissed.
The parties have not cited any authority that would allow the trial court, at this late date, to revisit the findings of fact on which it based the default judgment. Our research has revealed no authority for such action. Without a doubt, it is preferable to have issues fully litigated between the parties. However, once a defendant in a civil action has been properly served with a summons and complaint, if he or she chooses not to participate in the litigation process, he or she does so at his or her own peril. To allow a defaulting party to ignore procedural rules and to litigate an issue only if and when it suits him or *524 her, even years after a judgment has been entered, would do away with the principle of finality of judgments. Such finality is necessary to the orderly administration of justice. For example, in this case, it is conceivable that one or both of the parties could have remarried and even had children since the default judgment was entered.
For the reasons set forth above, the trial court erred in setting aside the default judgment on a factual determination so that the husband would be relieved of his obligation to pay the second mortgage. Accordingly, the judgment is reversed.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., dissents, with writing.

. The husband does not dispute that he was served with the complaint in the divorce action, that he did not answer the complaint, and that he did not make an appearance in that action.

. Moreover, as noted, the husband’s assertion that the wife submitted false evidence or misstatements in support of her application for a default judgment falls under Rule 60(b)(3); therefore, those allegations cannot also be used to support a claim for relief pursuant to Rule 60(b)(6). See R.E. Grills, Inc. v. Davi-son, 641 So.2d 225, 229 (Ala.1994) ("Clause (6), however, is mutually exclusive of the specific grounds of clauses (1) through (5), and a party may not obtain relief under clause (6) if it would have been available under clauses (1) through (5).”).