MOORE, Judge.
Samuel E. Massengill (“the husband”) petitions this court for a writ of mandamus directing the Marshall Circuit Court (“the trial court”) to vacate its October 30, 2014, order consolidating two separate divorce actions — one initiated by the husband and the other initiated by Anita Carol Massen-gill (“the wife”) — for lack of subject-matter jurisdiction and to vacate its December 1, 2014, order denying his motion to dismiss in the action initiated by the wife. We dismiss the petition in part and deny the petition in part.
On April 27, 2013, the. wife filed a complaint seeking a divorce from the husband, asserting, among other things, that the parties had married on August 10, 1985, and that they had separated on February 8, 2013, since which time they had not lived together as husband and wife; that action was assigned case no. DR-13-900171 (“the wife’s divorce action”). The •wife’s complaint also asserted that the husband had committed adultery, and she sought a divorce, an equitable division of the parties’ assets, an award of attorney’s fees, an award of periodic alimony, money damages for damaged or lost property, and an order directing the husband to pay the costs associated with the divorce. On August 12, 2014, the wife filed an application to the trial-court clerk for an entry of default, asserting that the husband had failed to filé an answer to the wife’s complaint for a divorce. The wife attached to her application for an entry of default her own affidavit, in which she stated, in perti *177 nent part, that she and the husband had attempted to make the marriage successful but that he had moved out of the marital home on July 9, 2014.
On August 13, 2014, the trial court entered a default judgment of divorce in the wife’s divorce action. On August 15, 2014, the husband filed a motion to set aside that judgment. On August 17, 2014, the trial court granted the husband’s motion,[1] setting aside the default judgment in the wife’s divorce action.
On August 18, 2014, the husband filed a complaint for a divorce in the trial' court; that action was assigned case no. DR-14-900387 (“the husband’s divorce action”).. On September 5, 2014, the wife filed a motion to dismiss the husband’s divorce action, asserting, among other things, that the wife’s request for a default judgment in the wife’s divorce action had been granted; that the husband had filed a motion to set aside the default judgment, which had been granted; and that the husband’s divorce action was actually a compulsory counterclaim to the complaint in the wife’s divorce action. On September 11, 2014, the husband filed, in the husband’s divorce action, an objection to the wife’s motion to dismiss and a motion to dismiss the wife’s divorce action.
On October 30, 2014, the trial court entered an order directing the trial-court clerk to transfer the contents of the husband’s divorce action to the file in the wife’s divorce action, “in lieu of dismissing the action,” and further directing that the pleadings in the husband’s divorce action be deemed responsive pleadings in the wife’s divorce action. On November 28, 2014, the husband filed, in the husband’s divorce action, a “motion to reconsider.” On that same date, the husband filed in the wife’s divorce action a “motion to reconsider & motion to dismiss.”[1] On December 1, 2014, the trial court denied the “motion to reconsider” that had been filed by the husband in the husband’s divorce action. On that same date, the trial court denied the motion to dismiss that had been filed by the husband in the wife’s divorce action. The husband filed a petition for a writ of mandamus to this court on December 15, 2014.
We first note that the husband’s November 28, 2014, motions to reconsider did not toll the presumptively reasonable time for filing a petition for a writ of mandamus pursuant to Rule 21(a)(3), Ala. R.App. P. See Ex parte Fiber Transp., L.L.C., 902 So.2d 98, 99-100 (Ala.Civ.App.2004). Because the husband filed his petition 46 days after the entry of the trial court’s October 30, 2014, order, this court requested that the husband submit a letter brief concerning whether the husband’s petition had been timely filed following the entry of that order. In his letter brief to this court, the husband admits that the petition was not filed within the presumptively reasonable time outlined in Rule 21(a)(3); he argues, however, that there is good cause for applying an exception to the timeliness requirement. Rule 21(a)(3) provides, in pertinent part, that, “[i]f a petition is filed outside [the] presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition.” “The filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory.” Ex parte Fiber Transp., 902 So.2d at 100. Although the husband attempted to ad *178 dress the deficiency in his letter brief filed in response to this court’s order, our supreme court has previously indicated that the failure to offer an explanation for the untimely filing of a petition for a writ of mandamus in the body of the petition itself cannot be cured in a subsequent filing. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 n. 1 (Ala.2003); and Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala.2004). Because the husband failed to include a statement of good cause in the body of his petition, the husband’s mandamus petition is due to be dismissed with regard to his arguments directed toward the trial court’s October 30, 2014, order or his motion to reconsider that order. See Ex parte A.E.Q., 102 So.3d 388, 391 (Ala.Civ.App.2012).
The husband also argues in his petition, however, that the trial court erred in denying his motion to dismiss the wife’s divorce action. Because the trial court denied that motion on December 1, 2014, the husband’s petition as to that issue is timely.
“[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Horton, 711 So.2d 979, 983 (Ala.1998).
The husband argues in his petition that, “because the circumstances indicate that the parties reconciled after [the wife’s divorce action] was filed, which, as a matter of law, abrogated the case and rendered it void,” the trial court had no further jurisdiction over that case. We agree with the husband that “a reconciliation between the parties in a pending divorce action abrogates the cause of action[] and [that], ordinarily, the only allowable judgment thereafter is one dismissing the cause.” Rikard v. Rikard, 387 So.2d 842, 843 (Ala.Civ.App.1980). “Whether there has been a reconciliation, however, is a question of fact which the trial court must determine from all the evidence before it since ‘[reconciliation is largely a state of the minds of both of the parties to be determined from all of the evidence and reasonable and proper inferences therefrom.’ ” Pride v. Pride, 631 So.2d 247, 248-49 (Ala.Civ.App.1993) (quoting Rikard, 387 So.2d at 845).
 The husband alleged in his filings before the trial court that he and the wife had reconciled. He failed, however, to submit any evidence proving those allegations. In the absence of any evidence proving those allegations, we cannot hold that the trial court erred in denying his motion to dismiss. See Ex parte Vest, 68 So.3d 881, 885 (Ala.Civ.App.2011). In support of her application for an entry of default, the wife filed her own affidavit, in which she stated, in pertinent part:
“On August 10, 1985, [the husband] and I were married in Rantoul, Illinois.... My [h]usband and I now have basic philosophical differences, which we are unable to resolve. We have made a sincere effort to make our marriage successful, but it appears at this time that it is irretrievably broken, and that further attempts to save the marriage would be futile. As evidence of our differences, [the husband] is presently having an affair and is believed to be cohabiting] with his pai’amour. On or about July 9, 2014, [the husband] moved out of our marital home and he and I have not resided together since such time.”
The husband argues that the statements in that affidavit amount to an admission that the parties had reconciled.
*179 Citing Rikard, Pride, and Jones v. Jones, 402 So.2d 1007, 1008 (Ala.Civ.App.1981), the husband argues that, “[i]n the vast majority of Alabama cases where the trial court found no reconciliation, the parties were only back together for a very short time.” We note, however, that “[i]f there was, initially, an intention by both parties to resume the marital relationship permanently and normally, and the parties cohabited, the duration of their cohabitation is immaterial.” Rikard, 387 So.2d at 844. This court further adopted the following language as “the summary of the law as to what is meant by ‘reconciliation’ ”:
“ ‘[I]t means a voluntary resumption of marital cohabitation in the fullest sense. This ordinarily requires a living together as husband and wife, having sexual relations, and, where possible, a joint domicile. The intention of the parties must be to resume married life entirely, and not merely to enjoy each other’s society temporarily, for limited purposes, or as a trial of whether they want to be reconciled. The state of mind required somewhat resembles that usually held necessary for condonation, but the cases do not seem to require that there be proof of forgiveness of past offenses. Isolated acts of intercourse alone would not be enough.’ ”
Id. at 844 (quoting Homer F. Clark, Jr., The Law of Domestic Relations in the United States, p. 541).
In Pride, 631 So.2d at 249, this court affirmed the circuit court’s determination that there had been no reconciliation when the wife in that case testified that “she continued to live with the husband [from April following the filing of her complaint] until the end of May ‘on terms of us trying to work out the marriage.’ ” In Jones, 402 So.2d at 1008, this court concluded that, when the parties had notified the husband’s lawyer that they wanted to give their marriage another try before the divorce judgment was finalized, but requested the next morning that the divorce action proceed, the trial court could have determined that the parties had engaged in a “ ‘conditional reconciliation’ ” and “did not intend to resume married life entirely but to cohabit on a trial basis.”
“A writ of mandamus will not be granted unless there is a clear showing of error by the trial court to the injury of the petitioner.” Ex parte DeMarco, 628 So.2d 828, 830 (Ala.Civ.App.1993). The trial court reasonably could have determined that there was not enough information in the wife’s affidavit from which it could conclude that the parties had “resume[d] married life entirely.” Jones, 402 So.2d at 1008; see also Rikard and Pride, supra. As a result, we cannot say, based on the materials before us, that the husband has demonstrated that he has a clear legal right to a dismissal of the wife’s divorce action. Thus, we deny the husband’s petition with regard to the denial of his motion to dismiss the wife’s divorce action.
PETITION DISMISSED IN PART AND DENIED IN PART.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Although the husband had purportedly filed a motion to dismiss the wife's divorce action on "September 11, 2014; that motion was filed in the husband’s divorce action. Thus, the husband’s November 28, 2014, motion to dismiss filed in the wife’s divorce action was not successive;