THOMAS, Judge,
dissenting.
I dissented from granting the application for rehearing of this petition for the writ of mandamus, which application was granted by an order issued on October 2, 2015. The petition did not contain a statement of good cause for its tardy filing as required by Rule 2Í(a)(3), Ala. RApp. P. “[0]ur supreme court has previously indicated that the failure to offer an explanation for the untimely filing of a petition for a writ of mandamus in the body of the petition itself cannot be cured in a subsequent filing. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 n. 1 (Ala.2003); and Ex parte Pelham Tank Lines, Inc., 898 So.2d 733, 736 (Ala.2004).” Ex parte Massengill, 175 So.3d 175, 178 (Ala.Civ.App.2015); see also Ex parte A.E.Q., 102 So.3d 388, 391. (Ala.Civ.App.2012) (dismissing a petition- for the writ of mandamus filed more than 14 days after the entry of the challenged juvenile-court order because the petition did not contain a statement of good cause). I note that the dissenting opinion in Ex parte Troutman Sanders, LLP, 866 So.2d 547, 551 (Ala.2003) (Lyons, J., dissenting) urged the invocation of Rule 1, Ala. RApp. P., “to overcome [the petitioner’s] failure to provide an explanation for -its failure [to timely file its statement of good cause] in its original petition.” The majority of our supreme court rejected that course of action. Accepting a statement of good cause on application for rehearing after the dismissal of a tardy petition runs afoul of our supreme court’s clear statement that a failure to attach the statement of good cause to the. petition is incurable. Therefore, I respectfully dissent because I believe this petition is not properly before this court.